STATE EX REL. D. L. MCKINNON, *Relator,* v. J. E. WOLFE, CIRCUIT JUDGE, *Respondent.*

1. Where it appears that substantial interests of third parties not before the court are involved, mandamus will not be awarded.

2. Mandamus lies to compel a court to exercise its lawful jurisdiction when it refuses to do so; but mandamus will not be awarded to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* in *pro per;*

*Liddon & Carter,* for Respondent.

PER CURIAM.—An alternative writ of mandamus was issued in this cause requiring the Circuit Judge to show cause why he does not enter a judgment in a civil action different from the judgment actually entered.

A motion is made to quash the alternative writ upon the ground that the judgment defendant is not a party to this proceeding.

Where it appears that substantial interests of third parties not before the court are involved, mandamus will not be awarded. See State *ex rel.* v. Trustees I. I. Fund, 20 Fla. 402; State *ex rel.* Sunday v. Richards, 50 Fla. 284, 39 South. Rep. 152.

Mandamus lies to compel a court to exercise its lawful jurisdiction when it refuses to do so; but mandamus will not be awarded to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error. See State *ex rel.* Matheson v. King, 32 Fla. 416, 13 South. Rep. 891; State *ex rel.* Hart v. Call, 41 Fla. 442, 26 South. Rep. 1014.

Upon consideration it appears to the court that the party against whom the judgment is asked is not before this court, and that an appropriate remedy may be afforded all parties by writ of error to the judgment complained of, therefore mandamus should not be awarded.

An order will be entered dismissing the alternative writ of mandamus issued herein.

All concur.