W. E. WILLIAMS AS COUNTY JUDGE IN AND FOR JACKSON COUNTY, FLORIDA, AND W. H. MILTON AS ADMINISTRATOR *de bonis non of* PETER GILLETTE, DECEASED, *Plaintiffs in Error,* v. JOHN CAPEHART AS ADMINISTRATOR OF MARY GILLETTE, DECEASED, *Defendant in Error.*

1.  Under the constitution and statutes of Florida a County Judge has jurisdictional authority to enforce his own orders, or those of his predecessor in office, by contempt proceedings, when no appeal has been taken from them, and they therefore stand as *res adjudicata;* and when a proper motion is made before him to enforce such an order against an administrator it is his duty to enforce the order unless a sufficient legal showing is made why it should not be enforced.

2.  Mandamus lies to compel a County Judge to exercise his lawful jurisdiction when he refuses so to do.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiffs in Error;

*D. L. McKinnon,* for Defendant in Error.

· HOCKER, J.—On the 25th of June, 1909, the Circuit Judge of the First Judicial Circuit, embracing Jackson county, on petition filed, issued the following amended alternative writ of mandamus:

"Circuit Court, Jackson County, Florida.
John Capehart, as Administrator of
Mary Gillette, Dec'd.    Relator,
                    vs.
W. E. Williams, as County Judge in
and for Jackson County, Florida,
Deft. and W. H. Milton, as Adminis-
trator de bonis non of Peter Gillette,
Deft.

IN THE NAME OF THE STATE OF FLORIDA:

To W. E. Williams as County Judge in and for Jackson
    County, Florida.

Whereas, John Capehart as the administrator of Mary Gillette, Dec'd, filed a petition before me alleging that on the 26th day of August, 1902, the then County Judge of Jackson County, Florida, J. C. McKinnon, made an order or judgment requiring one W. H. Milton as administrator de bonis non of Peter Gillette to pay to D. L. McKinnon, as the attorney of said Mary Gillette the sum of $410.62 and $16.24 costs in preference to all other claims against the estate of the said Peter Gillette.  That notice and demand of payment of said order was duly made on the said W. H. Milton, as said administrator and he refused to pay it. That on the 13th day of June, 1906, relator filed a petition in said County Judge's Court· setting forth the foregoing facts, and on the same day a rule nisi was issued upon said petition by the said County Judge to the said W. H. Milton, as said administrator, commanding

him to pay said order, or show cause why he should not be held in contempt.

That said rule nisi was duly served upon said W. H. Milton as said administrator. But instead of answering or pleading to said rule nisi, he filed his petition in the Circuit Court of Jackson County, Florida, for a writ of prohibition against the said County Judge, D. L. McKinnon and relator, claiming among other things, that said order of said County Judge requiring him to pay said sums of money was null and void for the want of authority and jurisdiction of said County Judge to make said order. Upon said petition, the said Circuit Court granted and served upon said County Judge, D. L. McKinnon, and relator an alternative writ of prohibition, which stopped proceedings upon said rule nisi. That said County Judge and his said co-respondents filed their separate answer to said alternative writ, and on the .... day of ..........., 1908, the issues of law and fact by agreement of the parties, came on to be tried by said Circuit Court, and on the 25th day of October, 1908, the said Circuit Court rendered judgment denying the peremptory writ of prohibition, and dismissing the alternative writ of prohibition. From which judgment the said W. H. Milton took writ of error to the Supreme Court of the State of Florida, which writ of error was dismissed, mandate sent down, and the judgment of the Circuit Court certified to W. E. Williams the present County Judge of Jackson County, Florida.

That notwithstanding said judgment of said Circuit Court, the said W. H. Milton as said administrator filed a motion to quash said rule nisi before you as said County Judge, because said judgment was null and void on some of the same grounds stated in his said petition and alternative writ of prohibition, which said Circuit Court has passed upon and adjudicated in refusing said peremptory

writ of prohibition. And that you granted said motion and dismissed said petition and rule nisi and refused to enforce said order requiring said Milton as said administrator to pay said order or show cause why he did not. And praying for a writ of mandamus compelling you as said County Judge to vacate said order quashing and dismissing said rule nisi, and require said Milton to answer the same and proceed as the law directs.

These are therefore, to command you to vacate said order granting said motion and quashing said rule nisi, and require said Milton as said administrator to obey said order forthwith, or show cause why he refuses or fails to do so, or that you show cause before me why you refuse to do so, at the Court House in Jackson County, Florida, at 9 o'clock a. m. on the 30th day of June, 1909.

Done at Marianna, Florida, on this 16th day of June, 1909.

J. Emmet Wolfe, Judge."

After a motion to quash had been overruled the respondents on the 17th day of December, 1909, filed their answer to the amended alternative writ, as follows:

"Now comes the respondents and for answer and return to the alternative writ of mandamus herein, say:

That they admit that the relator filed a petition as stated in said alternative writ of mandamus, containing the averments as stated in such alternative writ. They admit that on the 13th day of June, 1906, the relator filed his petition with averments as in said alternative writs are stated. They admit that a rule nisi was issued upon said petition by J. C. McKinnon, then County Judge, as alleged and containing averments as alleged. They also admit the service of the rule nisi, and they admit that the said W. H. Milton as said administrator did not

answer or plead to said rule nisi, but that he filed his petition in the Circuit Court of Jackson County, Florida, for writ of prohibition, and admits that the said petition for a writ of prohibition contained the matters stated to have been so contained, and also contained many other matters which are not stated in said alternative writ of mandamus. They admit that the Circuit Court granted an alternative writ of prohibition which stopped all proceedings upon said rule nisi. That the proceedings stated upon said nisi in said alternative writ were had and taken and judgment rendered as stated.

The want of authority set up in said writ for prohibition by the said W. H. Milton on the part of J. C. McKinnon as County Judge was alleged to be because he was the son of D. L. McKinnon, a party interested in the proceedings sought to be prohibited and an attorney for other parties in interest. This respondent W. E. Williams admits that his co-respondent sued out a writ of error from the order dismissing the alternative writ and refusing peremptory writ of prohibition. The said writ of error was dismissed by the Supreme Court of Florida and such dismissal was made upon a motion of the said relator in the words and figures as follows, to-wit:

"Supreme Court, Tallahassee, Florida.
State Ex Rel. W. H. Milton, Plaintiff in Error.
Vs.
J. C. McKinnon as County Judge of Jackson County, Florida, D. L. McKinnon and John Capehart as Administrator of Mary Gillette, deceased, Defendants in Error.

Now comes the defendants in error and move the court to dismiss the writ of error herein upon the following grounds:

It appears from suggestion of the plaintiff in error that J. C. McKinnon, the County Judge who was sought to be prohibited is now dead, and his successor has been appointed in his stead, and the writ if granted would serve no purpose now.

D. L. McKinnon, Attorney for Defendants in Error.

And respondents aver that the decision of the Supreme Court dismissing said writ of error was held upon the ground in substance and to the effect that there was now a qualified judge to hear and pass upon the matters in contention upon said petition in contempt and rule nisi thereon.

Respondents admit that a certified copy of the order of the Circuit Court as alleged in the alternative writ herein was served upon the respondent W. E. Williams as County Judge. After the service of such order of the Circuit Court, a motion was made by the respondent W. H. Milton, in the court of the County Judge sitting in probate, to quash the petition and rule nisi in said contempt proceedings. Said motion was upon three grounds, the second of which was that a writ of contempt does not lie upon the facts stated in said petition against the respondent W. H. Milton. This motion, after full argument of counsel, and being duly considered by the respondent W. E. Williams, as County Judge as aforesaid was granted. It was granted because the respondent W. E. Williams was impressed with the correctness of the granting of same especially with the said second ground. Under the law as the said W. E. Williams as County Judge, understands the law, he could not without violence to his conscience, and in violation of his oath of office enter any other judgment. And said respondent, W. E. Williams did then honestly and conscientiously believe and does now still honestly and conscientiously believe

that no facts are stated in the petition against his co-respondent W. H. Milton, or in said rule nisi which authorizes or requires this respondent to hold said W. H. Milton as being in contempt of his said court. When said motion to quash said petition and rule nisi came on to be heard, it was the first time that said matter had been presented to any court, or determined by any court within the knowledge of this respondent. There is nothing in the order quashing the alternative writ, or refusing the peremptory writ of prohibition certified to this respondent which directly or indirectly forbid or prohibited him from acting in the disposition of said petition and rule according to the dictates of his own conscience and opinion of the law appertaining to said matter.

The respondents both aver that in the exercise of such judicial discretion and judgment the respondent is not to be controlled and directed by any other court of the State of Florida, except upon appeal or writ of error to proper appellate court having power to reverse his action thereon.

And further answering the writ, these respondents say that on the 24th day of May, 1909, within the time with which an appeal might have been taken, the said relator John Capehart, duly applied for and entered his appeal from said order and judgment granting motion to quash the petition and the rule nisi herein, which appeal these respondents are advised and believes removed the record of said proceedings from the court of said respondent, W. E. Williams as County Judge into the appellate court, and was an election of remedy by said Capehart. It is admitted that some time afterwards the said D. L. Mc-Kinnon filed a paper in the court of W. E. Williams, as County Judge, stating that he withdrew said appeal, but respondents respectively submit that said paper was

nugatory and void. That by the appeal the records had already been transferred into the appellate court, and could only be dismissed in said court.

And these defendants having fully answered prays they may hence be dismissed with their reasonable costs."

On the final hearing the following peremptory writ was issued:

"IN THE NAME OF THE STATE OF FLORIDA.

To W. E. Williams, as County Judge of Jackson County, Florida, and W. H. Milton as administrator de bonis non of Peter Gillette, deceased.

The relator having made a motion for a peremptory writ of mandamus herein of which you have had due notice, on the ground that your answer or return to the alternative writ of mandamus, admits the allegations in the writ to be true and shows no sufficient reason why a peremptory writ of mandamus should not be issued, and the court being advised of its opinion: These are therefore to command you the said W. E. Williams as said County Judge to vacate the order made by you granting the motion and quashing the rule nisi against said W. H. Milton as said administrator in the contempt proceedings in your court brought by relator against said W. H. Milton, as said administrator, and that you require the said W. H. Milton as said administrator to obey said rule nisi forthwith, or show cause why he fails to do so, and proceed in other respects in accordance to law.

Done at Pensacola, Florida, in vacation, this 8th day of August, A. D. 1910.

J. E. Wolfe, Judge."

From this judgment a writ of error was taken.

The only contention here is that mandamus does not lie on the facts presented, and that Capehart's only remedy

was by writ of error from the order of County Judge Williams dismissing the rule against W. H. Milton as administrator de bonis non. The answer of respondent Judge Williams as to his reasons for dismissing the rule nisi against W. H. Milton as administrator de bonis non as presented in this record is confusing. Evidently there is an error in copying the answer. From the briefs we construe the answer to the effect that the County Judge dismissed the rule nisi because he thought that on the facts stated such a rule did not lie—i. e. that he had no authority to enforce an order made by his predecessor. There was no appeal taken by W. H. Milton as administrator de bonis non from the order of County Judge Mc-Kinnon, though the statute provides for such an appeal. (See sections 1710-1712 inclusive, Gen. Stats. of 1906.) The order stands, therefore, as an adjudication of the amount due by him as administrator de bonis non of Peter Gillette to John Capehart as administrator of Mary Gillette, former administratrix of Peter Gillette.

Under section 17, Article V of the Constitution of 1885, the County Judge has jurisdiction of the settlement of estates of decedents, minors, etc., as also under section 2049 Gen. Stats. of 1906.

Section 2045 General Statutes of 1906 is as follows: "County Judges Courts shall be courts of record, and County Judges shall have authority to make all orders or decrees and to issue every and all process necessary to maintain and carry out their constitutional jurisdiction, or to enforce their authority, and to enter and enforce their judgments and decrees in all matters wherein they have jurisdiction. Under section 11, Article 5 of the Constitution of 1885, the Circuit Courts "have supervision and appellate jurisdic-

tion of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the legislature may provide," and by the same section are authorized to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction. Of course a writ of mandamus does not lie when there is other adequate legal remedy by appeal or otherwise. But it seems to us that where a Probate Judge in the exercise of his jurisdiction has adjudicated a matter, and no appeal from his decision is taken, and no reversal thereof obtained by some superior tribunal, the matter stands adjudicated, and there is nothing for the County Judge to do but to enforce the order unless the party against whom the decision is made shows legitimate grounds for its not being enforced. If such were not the law the decisions of courts would be fruitless and unless, and in such a case the County Judge has no judicial discretion to exercise, except to pass upon such excuses as the party against whom the decision is made may present to the County Judge as relieving him from the necessity of complying with such decision. The fact that Capehart may have endeavored to appeal from the order of the County Judge dismissing the motion against Milton does not so far as we are advised debar him from proceeding by mandamus. It appears from the record that the jurisdiction of the County Judge to enforce the order was thrashed out in a prohibition proceedings against Capehart instituted by Milton. On a hearing the Circuit Judge dismissed the writ of prohibition.

In the case ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 South. Rep. 511, this court held that mandamus lies

Williams *et al.* v. Capehart *et al.*—Opinion of Court.

to compel a court to exercise its lawful jurisdiction when it refuses so to do. See cases cited in the opinion.

It seems to us that the statutes to which we have referred give the County Judge jurisdictional authority to enforce his orders and decisions by contempt proceedings, when no appeal has been taken from them and they therefore stand as res adjudicata. Without such authority he would be powerless for any useful purpose in the administration of estates. In his answer, so far as we can understand it, he seems to have rested his defense upon the ground that he had no such authority, and therefore dismissed the motion made by Capehart. We think his duty in that regard was plain, and that he should have required Milton as administrator *de bonis non* to pay the money adjudged to be due Capehart as administrator, unless he had shown a lawful excuse for not doing so. A motion to dismiss the rule nisi, was under the circumstances no defense at all and should not have been granted. The dismissal amounted to nothing more than a declination by the County Judge to exercise the jurisdictional authority conferred on him by law. In re Hohorst, 150 U. S. 653. Ex parte Dowe, 54 Ala. 258, 26 Cyc. 188 et seq.

We think, under the circumstances, mandamus was a proper remedy, and the judgment below is affirmed.

Taylor and Parkhill, J. J., concur;

Whitfield, C. J., and Shackleford and Cockrell, J. J., concur in the opinion.