JOHN CAPEHART, AS ADMINISTRATOR OF THE ESTATE OF MARY GILLETTE, DECEASED, *Appellant*, v. W. H. MILTON, AS ADMINISTRATOR *de bonis non* OF THE ESTATE OF PETER GILLETTE, *Appellee*.

Where a rule nisi was issued by a County Judge against an administrator to show cause why he should not be punished for contempt for his failure to pay an amount of money, which the County Judge had ordered to be paid, and when the answer to the Rule alleges that the administrator has no funds in his hands with which to pay said order since it became effective, and when the County Judge has examined the accounts of the administrator, and sustains his answer and discharges him from the Rule; and when on appeal to the Circuit Court, the Circuit Judge sustains the action of

the County Judge—this court will not on appeal reverse his action.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* for Appellant;

*Paul Carter,* for Appellee.

Hocker, J.—After the decision rendered by this court in the case of W. E. Williams as County Judge of Jackson County and W. H. Milton as Admintrator *de bonis non* of Peter Gillette, deceased, against John Capehart as Administrator of Mary Gillettee, deceased, reported in 61 Fla. 473, 54 South. Rep. 774, W. H. Milton answered the Rule Nisi which had been issued by the County Judge on the 13th of June, 1906, setting up a number of matters why he should not be held in contempt for not obeying said rule, and in substance that he did not have in his possession the funds with which to pay the $410.62 and costs which the County Judge had by his order dated 26th of August, 1902, directed him to pay to D. L. McKinnon as attorney for Mary Gillette, and attached to his answer his accounts as Administrator down to and embracing January 1st, 1906. It appears that the order of the Circuit Judge dated August 26th, 1902, was not recorded until about May, 1906, and that a previous attempt to enforce said order by contempt proceedings against Milton had been stopped by Prohibition proceedings in the Circuit Court based in part at least on the fact that the order had not been recorded. It seems to be admitted by the attorney for the appellant that this

action of the Circuit Court was correct. He afterwards, in 1906, had the order recorded and begun the present proceedings. The Rule Nisi was issued, but as will appear by the decision in the former case; the County Judge declined to enforce it. His action was reversed by this Court, and the answer we have referred to was filed. This answer was excepted to, and other objections taken, all of which were overruled by the County Judge, and after testimony was taken the County Judge entered an order discharging Milton from the Rule Nisi. An appeal was taken to the Circuit Judge and he affirmed the action of the County Judge. The appeal in this case is from this order and the only asignment of error here is that the Circuit Judge erred in affirming the judgment of the County Judge and refusing to compel appellee to pay the order dated 26 of August, 1902.

The opinion of the Circuit Judge is set out *in extenso* in the record. It sets forth in substance that the Circuit Judge having by writ of prohibition issued 7th of August, 1905, from which there was no appeal forbidden all proceedings against Milton for contempt under the order of 26th of August, 1902, because the same had not at that time been recorded it was binding on the parties, until after the order was recorded in May, 1906; that at the latter date the accounts of Milton as Administrator approved by the County Judge, showed there were no funds in his hands which should be paid out on said order, and none had since been received; that the Circuit Judge found no error in regard to the previous payments by Milton, which were thus approved by the County Judge, and therefore that he was not in contempt of the court in not paying the money to 'D. L. McKinnon as attorney for Capehart, as required by the order of August 26th, 1902.

It appears from the record that a very full examination of the accounts of Milton as Administrator, was made by the County Judge, and he did not discover that Milton, Administrator, had in his hands, since the order of August 26th, 1902, had been recorded, and had become effective, any funds with which to pay said order. The Circuit Judge was of the same opinion.

It does not seem to us that this is a proper proceeding for reviewing the action of the County Judge in settling an estate. A contempt proceeding cannot be converted into an appellate one for determining whether disbursements have been properly allowed an administrator. The disbursements allowed by the County Judge and which were not disturbed by the Circuit Judge shows that Milton has not had the funds in hand to pay the order dated August 26th, 1902. Something is said in the record about the estate of Peter Gillette having been adjudged insolvent, but there is no copy of such adjudication contained in it. If the estate has been improperly settled by the County Judge, that is a matter which can only be determined by appropriate proceedings instituted for the purpose.

The decree of the Circuit Court is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.