**THE STATE OF FLORIDA, on the relation of Robt. R. Taylor, v. R. A. GRAY, as Secretary of State of the State of Florida.**

25 So. (2nd) 492                                    January Term, 1946
April 2, 1946                                                      En Banc

*G. A. Worley* and *Jack Kehoe* and *Thomas Jean Ellis*, petitioner.

*J. Tom Watson,* Attorney General, and *Howard S. Bailey,* Assistant Attorney General, for respondent.

*Thomas H. Anderson* and *Hope Root,* as amicus curiae.

SEBRING, J:

Robert R. Taylor has instituted an original mandamus proceeding in this Court naming as the respondent Honorable R. A. Gray as Secretary of the State of Florida. The respondent has filed a motion to quash the alternative writ, and an answer. The relator has filed a motion for a peremptory writ notwithstanding the return, to be ruled on in the event the motion to quash is denied. The whole issue is now before the court for final determination.

The alternative writ avers in substance as follows: A primary election is to be held in Dade County, Florida, on May 7, 1946 for the purpose of electing a nominee of the Democratic Party for appointment to the office of County Solicitor of Dade County, for a term of office commencing on

September 13, 1947 and ending on the first Monday in January, 1949. The laws of Florida require that any person, in order to qualify for nomination for appointment to the office of County Solicitor for Dade County, Florida, shall file his sworn statement and pay the necessary filing fee of three per centum of the annual salary of said office, the salary now being $7,500.00 per annum, to the Secretary of State not later than the first day of February previous to the first primary election. Because of the prevailing statute, any candidate for nomination to the said office of County Solicitor of Dade County in the primary election to be held May 7, 1946 was required by law to file his statement and pay to the Secretary of State a filing fee of $225.00 not later than February 1, 1946. The laws of Florida further provide that whenever the number of legal candidates of any political party for any office shall not exceed the number required to be nominated to such office, the names of such candidates shall not be printed on the official primary election ballot, but such candidates shall be and are thereby declared to be nominated for such office. The relator is now County Solicitor of Dade County. The relator has duly qualified with the Secretary of State as a Democratic candidate for nomination for appointment to said office for the next succeeding term, by duly filing his oath and paying the qualification fee of $225.00 prior to February 1, 1946. One Henry M. Jones has attempted to qualify as a Democratic candidate for the office but has failed and neglected to comply with applicable law in this: that although he has filed his oath with the Secretary of State within the time required by law, only $126.00 of the required filing fee was paid to the Secretary of State on or before February 1, 1946 and the remainder of the $225.00 was not paid to the Secretary of State until February 10, 1946, a date subsequent to the deadline for qualifying as a candidate. Though the said Henry M. Jones has not qualified as a candidate in accordance with the requirements of existing law, the Secretary of State nevertheless intends to certify his name to the County Commissioners of Dade County as a duly qualified candidate for nomination to the office, unless commanded otherwise by process of court.

The command of the alternative writ is that the respondent, Honorable R. A. Gray, as Secretary of the State of Florida, omit the name of Henry M. Jones as a candidate for nomination for appointment to said office from the names of candidates to be certified by his office to the County Commissioners of Dade County, Florida, for printing upon the official ballots for the primary election of May 7, 1946, and that respondent declare and certify to said County Commissioners that the said Robert R. Taylor is the legal nominee of the Democratic Party for appointment to said office for the next ensuing term; or that he show good cause for his failure to do so.

The sole ground of the respondent's motion to quash, which has been filed in the cause, is that the said Henry M. Jones has a vital interest in the outcome of the proceedings and consequently should either be made a party respondent or the proceeding should be dismissed. It is well settled that a motion to quash an alternative writ of mandamus performs essentially the same functions as a demurrer to a declaration —it admits as true the facts well pleaded in the writ. State v. Florida East Coast Ry. Co., 71 Fla. 433, 71 So. 543; State v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474. When a motion to quash and an answer have been filed at the same time, we think that the court in the exercise of its discretion may determine which pleading shall be disposed of first, upon the same principle which prevails in a strictly common law proceeding, under section 50.27 Florida Statutes, 1941, which provides that "Either party may plead and demur to the same pleading at the same time, and it shall be in the discretion of the court to direct which issue shall be disposed of first." In the event the pleadings are heard together, the court may consider the allegations of the return on answer against, but not in aid of, the grounds for quashal asserted in the motion to quash.

While relief by way of mandamus may be withheld by a court in a proper case where the interests of third persons not before the court are involved, such course will never be pursued unless it appear by the pleadings that the interests of such persons are real and substantial, not unreal and

imaginary.   State ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 So. 511; Bigham v. State ex rel. Ocala Brick & Tile Co., 115 Fla. 852, 156 So. 246; State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610.   As previously stated, the alternative writ alleges that the said Henry M. Jones has not paid his qualifying fee within the time required by law, and yet despite that fact the Secretary of State intends to certify him to the County Commissioners of Dade County as being in all respects a duly qualified candidate.   If these allegations are true, then there is at least a prima facie showing that the said Henry M. Jones has never duly qualified as a candidate and hence does not have such a substantial interest in the controversy as to entitle him to be brought into the proceedings.

The answer to the alternative writ, which has been filed by the respondent, has attached thereto and made a part thereof an affidavit made by the said Henry M. Jones relating his version of the transaction.   No objection to the fact that the affidavit has been made a part of the record has been filed by the relator.   The answer and return admits by its allegations that the said Henry M. Jones did not, on or before February 1, 1946, pay to the respondent the full amount of the $225.00 filing fee required of a candidate for the office of County Solicitor of Dade County, under Section 102.31 Florida Statutes 1941, but avers that on February 1, 1946 the said Henry M. Jones, by and through his representative, one Perry Nichols, paid into the office of the Secretary of State the sum of $126.00 as and for the filing fee required by said section 102.31, and the sum of $84.00 as and for his party committee assessment required by Section 102.27 Florida Statutes, 1941, and that the said Henry M. Jones did not pay the remainder of the required $225.00 until February 10, 1946.   For further answer the respondent says that prior to 12 o'clock noon on February 1, 1946, the said Perry Nichols appeared at the office of the Secretary of State and advised the clerk in charge of receiving filing fees and sworn statements from candidates who, under the law, are required to qualify with the respondent, that he was there to file with the Secretary of State the oath of the said Henry M. Jones and to pay the

filing fee and the Democratic Party Committee assessment required to qualify the said Jones as a candidate for nomination for appointment to the office of County Solicitor of Dade County, Florida, in the 1946 primary; that the said Nichols inquired of said clerk the amount required to be paid as a filing fee and committee assessment, and said clerk, through mistake and error, advised the said Nichols that the sum of $126.00, instead of $225.00, was the correct amount to be paid as a filing fee and that the sum of $84.00, instead of $150.00, was the true amount required to be paid as a Democratic Party assessment; that thereupon the said Nichols delivered to said clerk the oath of the said Henry M. Jones as a candidate for said office in the form and as required by Section 102.29 Florida Statutes, 1941, and paid over the said sum of $126.00 as a qualifying fee and the said sum of $84.00 as a Party assessment, making a total sum of $210.00, and the said clerk then and there issued to the said Henry M. Jones an official receipt of the respondent *for said sum of $210.00.* The answer of respondent further alleges that on February 4, 1946 the Secretary of State's office discovered that a mistake had been made in the amount paid by Nichols for Jones and that thereupon the Secretary of State informed the said Jones of said error; that thereafter, on February 10, 1946 the said Jones paid to the Secretary an additional amount of money sufficient to make up the sum of $225.00 required by law to be paid as a filing fee.

The affidavit by Henry M. Jones, which is made a part of the return of the Secretary of State, avers: "That on the first day of February, 1946, he [Jones] made an affidavit of qualification for the office of County Solicitor for Dade County, Florida, and gave said qualifying paper, together with a sufficient sum of money to fully pay said qualifying fee, to Perry A. Nichols, who was going to Tallahassee, Florida, on that day, with the request that he deliver it to the Secretary of State and pay to him the filing fee to qualify for said office; that the said Perry A. Nichols upon his return from Tallahassee delivered to affiant a receipt from the secretary of State stating that the amount therein paid for the filing fee was the correct amount of said fee for said office; that affiant

did not know that the amount specified in said receipt was not the correct amount required to be paid but relied upon said receipt as reflecting the correct amount; that he did not discover until several days later when he received a letter from the Secretary of State that the office of the Secretary of State had made an error in computing the amount required to be paid.". On these pleadings the question is whether the alternative writ should be quashed and the case dismissed or whether a peremptory writ should issue notwithstanding the return.

By section 102.67 Florida Statutes, 1041, it is provided:

"Nominations for appointments or election to the offices of judge of the criminal court of record and county solicitor shall be had by a political party in a primary election pursuant to law. Candidates for nominations for appointments or election to any such offices in a primary election shall be required to file their sworn statement and pay their filing fee to the secretary of state not later than the first day of February previous to the first primary election . . . "

The amount of the qualifying fee to be paid is fixed by section 102.31 Florida Statutes, 1941, which provides:

"Each candidate for nomination for any office herein provided for, shall be required to pay a filing fee at the time of filing the sworn statement provided for in Sec. 102.29. The amount of said filing fee shall be three per cent of the annual salary or compensation of the office sought by the candidate; provided, that no filing fee shall be required of any candidate for any office to the holder of which no salary or compensation is required to be paid."

It is provided by Section 102.34 Florida Statutes, 1941:

"Each person who shall have filed his sworn statement and paid his filing fee and committee assessment, if any, as herein required, shall be entitled to have his name printed on the official primary election ballot; provided, that whenever the number of candidates of any political party for any office or position shall not exceed the number required to be nominated or elected to said office or position, the names of such candidates shall not be printed on the official primary election

ballot, but such candidates are declared to be nominated for such office, or elected to such position."

Section 102.31 and 102.67, supra, set out the steps that must be taken before a person may become a qualified candidate for public office. This court has heretofore held that compliance with the statutes constitutes a condition precedent to the exercises of the rights and privileges thereof. See See State ex rel. Vining v. Gray, 154 Fla. 255, 17 So. (2nd) 228. One requirement of the statutes is that the prospective candidate shall pay to the Secretary of State on or before a specified day a qualifying fee in an amount that is fixed and certain, or that may be made certain by simple mathematical calculation. The statutes evidence no indication of an intention to except anyone from their operation, or to place the duty or responsibility for compliance therewith upon anyone other than the prospective candidate himself. The affidavit executed by the said Henry M. Jones, and made a part of respondent's return, contains the averment of the affiant that on February 1, 1946 he gave to Perry M. Nichols his "qualifying paper *together with a sufficient sum of money to fully pay said qualifying fee* . . . with the request that he [Nichols] deliver it to the Secretary of State *and pay to him the qualifying fee to qualify* for said office." (Italics supplied). The only logical inference that can be drawn from this averment is that Henry M. Jones *knew* the amount of money required by statute to be paid to qualify him as a candidate for the office of County Solicitor of Dade County and that he gave such amount to his representative, Nichols, to be paid to the Secretary of State. If Jones knew the amount to be paid his knowledge became the knowledge of his representative. Therefore, When Mr. Nichols presented himself at the Secretary of State's office with the known amount in hand, and the clerk as a gratuitious act of courtesy advised that a lesser sum would be sufficient, Henry M. Jones, through his representative, was thereupon put on notice that someone, either Jones or the clerk, was in error in calculation; and was charged with the duty, for his own protection, either of determining for himself that the lesser amount would be sufficient, or of at least tendering to the clerk the amount that

he, Jones, knew the statute actually provided should be paid. Had he, Jones, exercised the slightest degree of care or prudence in the matter the mistake would have been discovered.

As the return of the respondent concedes that Robert R. Taylor and Henry M. Jones are the only persons who have attempted to qualify as candidates for the Democratic Party nomination for appointment to the office, and as the return with affidavit attached discloses that the said Henry M. Jones has failed to qualify pursuant to law and consequently has no substantial interest in the controversy, and as the last day for qualifying has long since passed, no legal cause has been shown why a peremptory writ should not issue, the return notwithstanding. Accordingly, it is the judgment of the court that the motion to quash the alternative writ should be denied and a peremptory writ should issue in accordance with the prayer of the alternative writ, requiring and commanding the respondent, Honorable R. A. Gray, as Secretary of the State of Florida, to omit the name of Henry M. Jones as a candidate for nomination for the office of County Solicitor for Dade County, Florida, for the next ensuing appointive term, and the names of all candidates for such office, in certifying to the Board of County Commissioners of Dade County, Florida, the names of candidates to be printed on the official ballots and voted upon in the primary election to be held May 7, 1946; and to declare and certify to the aforesaid County Commissioners, and any person who shall request a certificate as to the nominee of the Democratic Party for appointment to the office of County Solicitor of Dade County, Florida, for the next ensuing appointive term, that relator, Robert R. Taylor, is the legal nominee of the Democratic Party for appointment to said office for said term.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.

TERRELL, J., concurs specially.

BUFORD and ADAMS, JJ., dissent.

TERRELL, J., concurring specially:

I think the majority opinion in State ex rel. Vining v. Gray rules this case and accordingly agree to the opinion written by Judge SEBRING.

BUFORD, J., dissenting:

I concur with what is said in the opinion by Mr. Justice SEBRING except in the conclusion that the petition is sufficient to show that it is the clear legal duty of the Respondent to issue a certificate of nomination to the relator as a candidate for the *appointive* office of County Solicitor of Dade County, Florida.

Relator bases his alleged right and the existence of Respondent's alleged duty on the provisions of Sections 102.29, 102.31 Florida Statutes 1941 (same FSA) in connection with the provisions of Section 102.67 Fla. Stat. Cumulative Supplement 1943. Without the provisions of Sec. 102.67, supra, there would be no color of authority for the contentions made by Relator. So it is if the provisions of Sec. 102.67, supra, are unconditional and therefore totally invalid there is no duty resting on Relator to perform the act sought to be coerced.

The sole purpose and intent of Sec. 102.67, supra, is to provide a method to coerce the Governor in the exercise of the power of appointment under Section 27 of Article III of the Constitution. By this Act the legislature has attempted to authorize and put in motion the machinery to coerce the Governor to appoint the particular person who is to be selected by others or by the applicant himself if he should be the only person to meet the terms of the statute. It is no answer to this to say that the statute does not in terms require the Governor to respect the nomination made under the statute. The well known fact remains that the coercion is there. It must necessarily be recognized that this one thing is the purpose of the statute because there is absolutely no other reason for its existence and no other purpose within its purview.

Now it is too well settled to require citation of authorities that the legislature cannot do by indirection that which it

cannot do directly. If to this statute the legislature had added the words "and the Governor shall appoint the nominee to such office" such words would have added nothing to the force and effect of the statute but I dare say that no one would have been heard to contend that any part of the section 102.67 supra, could be held valid. That which the legislature did not command the Governor to do was left to be accomplished by the lash of the political party whip.

In State ex rel. v. Daniel 87 Fla. 270, 99 So. 804, we said:

"The legislature cannot under our Constitution authorize any other person or authority to participate in selecting or to hamper the exercise of executive judgment in making selections for appointments to office. See Westlake v. Merritt, 85 Fla. 27, 95 South. Rep. 662; State v. Washburn 167 Mo. 680, 67 S.W. 592, 90 Am. St. Rep. 430; State ex rel. Harvey v. Wright, 251 Mo. 325, 158 S.W. 823, Ann. Cas. 1915-A 588; 12 C.J. 837."

We cannot refuse to see and adjudicate the question because the parties to this suit have not raised the question. This is true because we must in giving judgment for the Relator determine that there is a clear legal duty resting on the Respondent to perform the Act sought to be coerced and when the purported legislative act requiring the Act to be performed is patently contrary to the provisions of the Constitution no clear legal duty to perform the Act is made to appear.

In State ex rel. v. Hilderbrand 124 Fla. 363, 168 So. 531, we held:

"Peremptory writ of mandamus should not issue where relator plainly demonstrates on face of his pleadings in first instance clear lack of legal right to particular relief sought to be compelled."

So, the peremptory writ should not issue.

ADAMS, J., dissenting:

I dissent because in my opinion Jones qualified.