ORFINGER, Judge.
Appellant filed a petition in the Circuit Court of Volusia County, seeking the issuance of a writ of mandamus directed to the appellee City and its building inspector to compel appellees to enforce the City’s zoning laws.
In essence, appellant alleged that four radio towers had been built upon its property in 1974 in violation of the City’s zoning ordinance and that because the property had never been rezoned to allow these structures nor had a variance been granted, they existed in violation of law and the City was therefore obligated to compel their removal.[1] The petition suggests that the towers are owned by someone other than appellant, but does not advise the court by what right the owner thereof constructed them on appellant’s property. It is not alleged that they trespass thereon, so we surmise that the owner of the towers claims some right to keep them where they are located.
Based upon the petition, an alternative writ of mandamus was issued and served upon appellees who thereupon filed a motion to quash the alternative writ. After hearing, the trial court entered an order granting the motion to quash the alternative writ because: (a) no appendix had been filed with the petition as required by Rule 9.100(e) when read with Rules 9.100(a), 9.030(c)(3) and Rule 9.020(d), Florida Rules of Appellate Procedure; (b) it appeared that the towers were built upon appellant’s property during appellant’s ownership thereof and that unless the owner of those towers was before the court a complete determination of the equities, rights and liabilities of the parties was not possible. Twenty days were allowed for amendment. Rather than amend, appellant moved the trial court to reconsider, which was rejected. A final order quashing the writ was entered, from which order this appeal follows.
*846 Procedurally, appellant says that a mandamus proceeding in the circuit court is governed not by the appellate rules but by Rule 1.660, Florida Rules of Civil Procedure, and this rule does not require an appendix,[2] so the trial court was in error in discharging the writ for that reason. When the action was filed below on March 5, 1979, Rule 1.660, Florida. Rules of Civil Procedure, no longer applied to mandamus actions.[3] The 1977 Rules of Appellate Procedure, effective with proceedings commenced after March 1, 1978 provides, inter alia, that the appellate rules apply to proceedings in the circuit court in the exercise of the jurisdiction described by Rule 9.030(c), and that all conflicting rules and statutes are superseded.[4] Rule 9.030(c)(3) sets forth the jurisdiction of the circuit courts to issue original writs, including writs of mandamus. Rule 9.100 (“Original Proceedings”) specifically applies to the jurisdiction of circuit courts under Rule 9.030(c)(3), and subdivision (e) thereof requires an appendix when the petition seeks an order directed to a “lower tribunal.”
But, says appellant, there is no “lower tribunal” here because this is an original proceeding in the circuit court, which is the first court to hear the case. This argument overlooks the definition of “lower tribunal” in Rule 9.020, Florida Rules of Appellate Procedure, as including the agency, officer, board or body whose order is to be reviewed, and further overlooks the definition of “order” in the same rule as including a decision of the lower tribunal. If, as appellant alleges, the existence of the towers violated the zoning ordinance and the City refused to enforce the ordinance, this was the decision which appellant sought to overturn by compelling action through mandamus. An appendix was required under Rule 9.100(e).
Appellant further says that the trial court should not compel it to sue a party it doesn’t choose to sue, and the trial court therefore erred in requiring the owner of the towers to be joined in the action. It is obvious from what has already been said that the owner of the towers, in addition to its rights of ownership, claims some right to maintain them where they are located. Petitioners attack the existence of the towers only as a violation of a zoning ordinance, not otherwise. The trial court was justified in refusing to decide rights and liabilities of parties not present before the court. It has long been the law of Florida that where is appears that real and substantial interests of third parties not before the court are involved, mandamus will not lie, State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610 (1938); State ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 So. 511 (1909), unless the claims appear to be unreal and imaginary. State ex rel. Taylor v. Gray, 157 Fla. 229, 25 So.2d 492 (1946). The apparent interests of the admitted owner of four large radio towers can hardly be said to be unreal and imaginary, at least on this record, so appellant fails to demonstrate error.
The judgment appealed from is
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.

. In reviewing the facts the reader must wonder, as we did, why the appellant did not remove the towers without court or City intervention, since they are on appellant’s property and there is no direct allegation that they were constructed or owned by someone else. Since one gleans from certain indirect allegations in the petition and the alternative writ that the towers do belong to someone other than appellants, we surmise that appellant may not be able to compel their removal directly, so it seeks to compel their removal by showing that they exist contrary to the zoning laws. The relationship between appellant and the owner of the towers does not enter into this decision, however, beyond the effect that the existence of someone not a party to this suit may have had on the trial court’s ruling.

. No exhibits were attached to the petition for alternative writ so no record was presented to the trial court except the bare pleadings.

. The rule was formally repealed October 9, 1980, effective January 1, 1981 (391 So.2d 165), but in reality it was abolished with the amendments to the Florida Rules of Appellate Procedure which became effective on March 1, 1978.

.Fla.R.App.P. 9.010.