423 So.2d 529 (1982)
The CITY OF DeLAND, Florida, a Municipal Corporation; and Francis G. Doolittle, Appellants,
v.
The STATE of Florida ex rel. C. Allen WATTS, Appellee.
No. 82-226.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
*530 Charles J. Cino, DeLand, for appellant City of DeLand.
Mark A. Zimmerman of James, Zimmerman, Paul & Clayton, DeLand, for appellant Doolittle.
C. Allen Watts, for appellee.
ORFINGER, Chief Judge.
The City of DeLand, as respondent below, and Francis G. Doolittle as intervenor below, appeal a peremptory writ of mandamus entered on the petition of appellee Watts. We reverse.
In his petition for the alternative writ, appellee contended that a building permit for a single family residence issued to Doolittle violated the City's zoning ordinances, and that he, as a neighbor and citizen, had a clear legal right to the cancellation of that permit by the City. Alleging that he had been denied administrative relief by the City's Board of Adjustment, he sought the issuance of an alternative writ directed to the City, requiring it to cancel the permit. Doolittle was not made a party to the action. The City answered, contending that the building permit was properly issued in full compliance with all city ordinances. After hearing on the alternative writ and the City's answer, the trial court issued the peremptory writ commanding the City "to suspend any building permit and to refrain from approving the continuation of any construction" on Doolittle's property. Doolittle was not a party and had been given no opportunity to be heard on the issues raised in the petition.[1]
After the peremptory writ was issued, Doolittle sought leave to intervene, filed a motion to quash the peremptory writ and a motion for rehearing. Without a further hearing, Doolittle's motion to intervene was granted, but his motion to quash and his motion for rehearing were denied. The City's motion for rehearing was also denied. This appeal follows.
The City raises eight points on appeal and Doolittle raises eleven. For the reasons expressed, we need consider only one, Doolittle's contention that he has been denied due process of law when his property rights are taken away without notice or any opportunity to be heard. We hold that under the facts of this case, mandamus was inappropriate.
It has long been the law of this state that where it appears that real and substantial interests of third parties not before the court are involved, mandamus will not lie, unless the claims appear unreal and imaginary. G & J Corp., Inc. v. Smith, 398 So.2d 844 (Fla. 5th DCA 1981), citing State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610 (1938); State ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 So. 511 (1909). In Smith, a landowner filed a petition seeking a writ of mandamus to command the City of Ormond Beach and its building inspector to order the removal of four radio towers, which he did not own but which were on his land, because they allegedly violated the city's zoning ordinances. The circuit court entered a final order quashing the writ, and this court affirmed, holding, inter alia, that it was not error to require that the owners of the towers be joined as parties to the petitioner's action, as their interests in the action were real and substantial. By comparison, *531 there is no doubt that Mr. Doolittle has similar real and substantial interests which would require that he be joined in any action involving his property and his property rights.
It is well settled that mandamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. If the issuance of the writ will not promote substantial justice or would lend aid to the effectuation of a probable injustice, the court may properly decline to grant the writ. State ex rel. Haft v. Adams, 238 So.2d 843 (Fla. 1970).
It is obvious that unless Doolittle, as owner of the property involved, is properly before the court at a time before the writ issues, a complete determination of the equities, rights and liabilities of the parties is not possible. The record shows that Doolittle had commenced construction of his residence based on the building permit which the City contends was properly and legally issued. Doolittle's rights are not protected unless he is made a party, given an opportunity to fully respond and to present such evidence as may be relevant. The opportunity to be heard must be full and fair, not merely colorable or illusive. State Plant Board v. Smith, 110 So.2d 401 (Fla. 1959). One of Doolittle's contentions is that in light of the issuance of the building permit and his commencement of construction in reliance on it, an issue of equitable estoppel could be raised in his favor. While the facts of the case may or may not support that theory, see Florida Companies v. Orange County, Florida, 411 So.2d 1008 (Fla. 5th DCA 1982), there was no way to raise that issue here. Doolittle was entitled to a forum where he could be heard on that or any other proper issue.
Mandamus not being an appropriate remedy here, the peremptory writ is reversed, and the cause is remanded with directions to discharge the alternative writ.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Appellee asserts that Doolittle, although not made a party nor served with process, nevertheless was furnished a copy of the petition and "invited" to participate. Such invitation does not provide due process, certainly confers no standing on Doolittle, and does not guarantee that he will be heard, even if he accepts the "invitation."