578 So.2d 382 (1991)
Evaristo "Ever" MARINA, Appellant,
v.
David C. LEAHY, Dade County Supervisor of Elections, Appellee.
No. 91-877.
District Court of Appeal of Florida, Third District.
April 12, 1991.
Rehearing Denied May 14, 1991.
*383 Entin, Schwartz, Goldman, Margules & Moore and Diane Marger Moore, for appellant.
Robert Ginsburg, County Atty. and William X. Candela, for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
Defendant Evaristo "Ever" Marina appeals the trial court's ruling deleting his name from the ballot of the mayoral election for the City of Sweetwater, Florida. We affirm the trial court's decision.
Marina had registered as a candidate to run in the mayoral elections for the office of mayor of the City of Sweetwater set for May 14, 1991. On April 1, 1991, the Dade County Supervisor of Elections, David C. Leahy, received a sworn written statement from an elector residing in the city, challenging Marina's qualifications and specifically alleging that Marina was not a resident of the City of Sweetwater for six months prior to qualifying for the election, as required by the Sweetwater Code, Section 6.04. Section 6.04 of the Sweetwater Code requires that candidates for city office have been residents of the city at least six months prior to the date of qualification for office and states specifically that:
(a) Registration books shall open for qualification of candidates fifty-five (55) days prior to election day and shall close at 5:00 p.m. on the forty-fifth (45th) day prior to election day. Any person who shall possess the qualification requisites to be an elector at the general state election and shall have resided in the city for six (6) months preceding the election, shall be eligible to qualify as a candidate for an office in the City of Sweetwater. In computing the fifty-five (55) days and forty-five (45) days prior to election day, the election day is excluded, but all other holidays and Sundays are to be included. Candidate qualifying shall be conducted on weekdays, only during business hours, and should the forty-fifth (45th) day preceding an election fall on Saturday, Sunday or holiday, then the registration books shall close at 5:00 p.m. on the business day preceding.
Upon receiving the sworn written statement, Leahy, as supervisor of elections, filed a Complaint for Declaratory Judgment under the authority of Dade County Ordinance 91-29 requesting a judicial determination regarding Marina's eligibility for candidacy.[1] The Complaint alleged that Marina had previously qualified to run for the Dade County School Board and had listed a Dade County address, not within the City of Sweetwater, when he filed a *384 campaign treasurer's report covering the period from November 2, 1990 to November 30, 1990. Thus the Complaint further alleged that Marina was not a resident of the City of Sweetwater on the critical date of September 20, 1990, six months prior to the date upon which he qualified as a candidate.
The trial court held an emergency evidentiary hearing, and determined that Marina was not a resident of the City of Sweetwater six months prior to qualifying as a candidate for mayor of the City of Sweetwater as mandated by § 6.04 of the City of Sweetwater Charter. Accordingly, the trial court held that Marina was not a qualified candidate for mayor in the upcoming election, under the city code, and ordered that Marina's name be deleted from the ballot. Marina filed an Emergency Motion for Stay Pending Expedited Appeal, and this Court granted an emergency motion to expedite.
Marina argues first that the trial court erred in finding that he was not a resident of Sweetwater on the critical date. It is fundamental that the factual conclusions of the trial court are presumed correct and the burden is upon the appellant to demonstrate reversible error. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Kates v. Millheiser, 569 So.2d 1357 (Fla. 3d DCA 1990); Grossman v. See Air Towers, 513 So.2d 686 (Fla. 3d DCA 1987) review denied 520 So.2d 584 (Fla. 1988); Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978). The trial court specifically found that; "Mr. Evaristo `Ever' Marina was not a resident of the City of Sweetwater six (6) months prior to qualifying as a candidate for Mayor of the City of Sweetwater as mandated by § 6.04 of the City of Sweetwater Charter." The statement of facts in Marina's brief candidly admits that there was conflicting evidence and testimony as to Marina's residency during the critical period. Thus, there is substantial support for the trial court's factual determination that Marina was not a qualified candidate.
Secondly, Marina challenges Section 6.04 of the Sweetwater Code. The right to seek public office is not absolute, and reasonable conditions and restraints may lawfully be imposed upon individual candidates for public office in order to protect the integrity of political processes. Richman v. Shevin, 354 So.2d 1200 (Fla. 1977) cert. denied 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978). See also, Holley v. Adams, 238 So.2d 401 (Fla. 1970) (right to seek public office is a privilege subject to reasonable restraint and condition); Bodner v. Gray, 129 So.2d 419 (Fla. 1961) (restraints may be lawfully imposed upon candidates for public office); State ex rel. Taylor v. Gray, 157 Fla. 229, 25 So.2d 492 (Fla. 1946) (statutory requirements for candidates are condition precedent to person becoming qualified candidate). As stated by the Florida Supreme Court in Bodner v. Gray, 129 So.2d at 421:
The Legislature of Florida, [is] necessarily vested with great power in prescribing regulations governing the election of its public officials... . These acts and this determiniation come to us with a presumption of validity  an extremely strong presumption in statutes regulating the conduct of elections... . The law places restraints upon all of its citizens in the exercise of their rights and liberties under a republican form of government. Such restraints have been found to be necessary in the development of our democratic processes to preserve the very liberties which we exercise. Similar restraints may lawfully be imposed upon individual candidates for public office.
The Sweetwater Code establishes a residency requirement as a condition precedent to a candidate's name being placed on the ballot. Reasonable residency requirements as a qualification for candidacy to public office are a valid means of regulating the election of public officials. Daves v. City of Longwood, 423 F. Supp. 503 (M.D.Fla. 1976). See also State ex rel. Gralike v. Walsh, 483 S.W.2d 70 (Mo. 1972) (upholding one-year residency requirement for candidates for office of state senator). Marina failed to meet the requirement of establishing residence in the city six *385 months prior to the qualifying date and, thus, was not a qualified candidate. Accordingly, the trial court order deleting Marina's name from the ballot must be affirmed.
Affirmed.
NOTES
[1] Dade County Ordinance Section 91-29 states in pertinent part:

Section 2. In elections conducted by the Dade County Election Department on behalf of municipalities or special districts the Dade County Supervisor of Elections shall receive or obtain the qualification papers of all candidates for office and shall, upon receipt thereof, examine the same to determine compliance with the municipal charter or laws or ordinances to the special district. If the Dade County Supervisor of Election finds:
(d) That a sworn statement is or has been filed by a qualified elector residing within the municipality or within the boundaries of the special district challenging the qualification of a candidate for municipal or special district office, respectively, the supervisor is hereby authorized and directed to file and prosecute in appropriate action in the Circuit Court for Dade County in the name of the Supervisor, solely for the purpose of receiving a judicial determination with regard to the qualifications of the candidate.