EVANS, DONALD C., Associate Judge.
Appellants challenge a final judgment entered against them on all counts. We partially affirm the lower court, but reverse on the issue of damages for breach of the promissory note.
The trial transcript from circuit court reveals the following facts: Appellee owned an ice cream shop in Naples, Florida. In December of 1993, appellee sold the inventory and assets of that shop to appellants for $60,000. Appellants paid $10,000 in cash and the remainder by executing a promissory note in the principal amount of $50,000. Additionally, on December 7, 1993, the parties executed a Security Agreement, Bill of Sale, Sellers’ Closing Statement, Buyers’ Closing Statement, Escrow Agreement, Business Opportunity Purchase Agreement, Deposit Receipt, and Non-Competition Agreement. According to appellee, appellants also agreed to assume the obligations of their sublease of the property with Bressler’s, the landlord.
Appellants made two payments on the promissory note in the amount of $1,000 each. They subsequently defaulted, however, and abandoned the business in April of 1994. Appellee made verbal demands for payment of the promissory note and eventually agreed with appellants to find a buyer for the collateral described in the security agreement. Appellants then referred the Dines to appellee as a potential buyer.
Appellee negotiated the sale of the collateral to the Dines shortly after April 18,1994. The Dines purchased the assets and goodwill of appellee for approximately $30,000 with a minimal cash down payment. The balance was paid by the Dines’ execution and delivery of a $30,000 promissory note and a security agreement which referenced the same collateral that secured the initial security agreement with appellants. The Dines subsequently defaulted several months after the closing and sold the collateral for $1,700.
Appellee instituted this action against appellants for breach of promissory note and breach of guaranty, and to foreclose a security agreement. The trial court entered summary judgment on the breach of promissory note and breach of guaranty on the issue of liability only. On June 22, 1995, the court held a trial to determine damages on the breach of note counts and liability on all other issues. Only appellee offered testimony.
On June 28, 1995, the trial court entered a final judgment against appellants on all counts. The court credited appellants with $6,700: $2,700 received from the Dines, $1,700 from the hard assets of the business, and $2,000 received from appellants. The court also found appellants liable for lease payments due from appellee to Bressler’s.
In their brief, appellants’ first contention is that the collateral sale to the Dines was not commercially reasonable as a matter of law. We find no merit, however, to this argument.
Inasmuch as the sale at issue was a transaction “intended to create a security interest in personal property or fixtures,” it falls squarely within the ambit of the Uniform Commercial Code, Chapter 679, Florida Statutes (1993). Pursuant to section 679.503, a secured party may take possession of the collateral after default “without judicial process if this can be done without breach of the peace.” Under section 679.504, the secured party may then “sell, lease or otherwise dispose of any or all of the collateral” by public or private proceedings. Every aspect of the disposition must be “commercially reasonable” and the secured creditor must give the debtor notice of when the sale or other disposition will take place. Allen v. Coates, 661 So.2d 879 (Fla. 1st DCA 1995).
In the instant ease, from the date that appellants turned the premises over to them, appellee continually contacted appellants concerning payment. Over a six-week period, appellee contacted appellants at least every other day, sometimes more, in an attempt to find a new buyer. During these conversations, appellee informed appellants that attempts would be made to find a buyer for the hard assets of the ice cream shop.
Before the hard assets were disposed of, appellee gave appellants actual notice of the sale. While negotiating with the Dines, ap-pellee maintained daily communication with appellants. Appellee abided by the terms of section 679.504(3), and gave reasonable no *1315 tice of the sale of the collateral. Specific notice of the sale, including the exact time of the sale, is not necessary in private sales. Bondurant v. Beard Equip. Co., 345 So.2d 806 (Fla. 1st DCA 1977).
Appellee was in constant contact with appellants from April 18,1994, until a buyer for the collateral was found. In fact, appellants were instrumental in putting the Dines together with appellee. As such, appellants had notice and an ample opportunity to object to any sale.
However, appellants never raised an objection to the sale prior to this suit. Under the Uniform Commercial Code, timely objections to the disposition of collateral are necessary. Business Credit Leasing, Inc. v. Engineered Disposal Systems, Inc., 543 So.2d 409 (Fla. 4th DCA 1989). Therefore, appellants will not be heard to complain of the “commercial unreasonableness” of the sale after-the-fact.
Finally, this court notes that the final judgment rendered by the lower court is clothed with a presumption of correctness. Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985). Factual conclusions of a trial court are presumed correct and the burden is on the appellant to demonstrate reversible error. Marina v. Leahy, 578 So.2d 382 (Fla. 3d DCA 1991). We find no such error on this issue.
Appellants next argue that they received insufficient credit for the proceeds realized by appellee in the disposition of the collateral. We agree.
The security agreement between the parties provided in relevant part: “After you have taken possession of the collateral, you can sell it and apply the proceeds to the unpaid balance of our loan.” Section 679.306 defines “proceeds” as “whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds.... Money, checks, deposit accounts and the like are ‘cash proceeds.’ All other proceeds are ‘noncash proceeds.’ ” This court finds that a promissory note constitutes proceeds within the plain language of the statute. Therefore, by not including the $30,000 promissory note executed in the sale of the collateral to the Dines as proceeds, the trial court departed from the requirements of the statute. As such, on remand, the lower court is directed to credit appellants "with the $30,000 promissory note as part of the proceeds realized by appellee and adjust the prejudgment interest downward to reflect the reduced principal balance of the promissory note.
Lastly, appellants allege there was no authority for the trial court to award lease payments due pursuant to a lease between appellee and Bressler’s. Once again, we agree.
No written agreement exists between appellee and appellants in the record that gives rise to a basis for recovery. This fact was never in dispute. At trial, appellee’s representative testified that she had no written agreement with appellants regarding the payment of rent or indemnification for rent to Bressler’s. Pursuant to section 689.01, Florida Statutes (1993), an assignment or sublease for a lease with a term of more than one year must be in writing and signed by the party to be bound with two subscribing witnesses. As the record reflects that appel-lee’s sublease with Bressler’s was for a term exceeding one year, verbal agreement to assume the sublease was insufficient to bind appellants. Therefore, the judgment entered on Count IV is reversed.
Affirmed in part and reversed in part.
LAZZARA and QUINCE, JJ., concur.