CALDWELL, Justice.
These cases, consolidated for the purposes of review and decision, are here on petitions for writ of mandamus.
Alternative writs issued in both cases directed to Fred O. Dickinson, as Comptroller of the State of Florida, requiring him to show cause why he should not be required to refuse acceptance of 1966 tax rolls of Bay, Hillsborough, Lee and Marion Counties, and to the tax assessors of those counties, directing them to show cause why they should not be required to assess the properties of their respective counties at one hundred per cent of its just value for 1966 taxation. Returns have been made and the Comptroller and tax assessors of Bay, Lee and Marion Counties have filed motions to quash the alternative writ. It was upon these motions that we heard argument.
The facts are the assessors of the named counties had failed to prepare tax rolls assessing property upon evaluation of one hundred per cent as required by the Constitution and Statutes of Florida. Suits were brought in the Circuit Courts of *107 Hillsborough,[1] Bay[2] and Lee[3] Counties, seeking to have the tax assessment rolls of those counties declared invalid. In each of said suits it was found the tax assessor had placed properties on the 1966 tax roll at substantially less than fair market value but that a refusal by the Comptroller to accept the tax roll as submitted would result in governmental chaos for the county. The Chancellor in each suit found it not possible for the assessor to compile a tax roll for 1966 which would meet the requirements of law but that the assessor could and should prepare such rolls for 1967. Upon those findings, the tax assessor, in each of said suits, was authorized to submit the 1966 tax roll as compiled and prepare the tax roll for 1967, assessing property at one hundred per cent of its fair market value and, to insure compliance with that order, the court retained jurisdiction of the subject matter.
Notwithstanding the decrees of the courts having jurisdiction to the contrary, we are importuned to direct the respondent Comptroller to refuse acceptance of the rolls and compel the assessors to submit adequate rolls upon which the 1966 tax may be levied.
It is our view that the law and facts touching the controversies in Bay, Hills-borough and Lee Counties were established in the decisions of the appropriate courts, all of which decisions have become final.
Acknowledging the pertinence of complaints against the respondent tax assessors for their failure to perform we must, at the same time, concede the wisdom of the decisions, supra, in holding that, at this late date, a refusal by the Comptroller to accept the 1966 rolls as submitted would result in governmental chaos for the several counties.
Without in anywise condoning the failure of performance by the respondent tax assessors we hold the demands of county government and education must be met this year, albeit imperfectly, and the presumptively valid decrees retaining jurisdiction and ordering the compilation of adequate rolls for 1967, presents the more acceptable disposition of the problem.
It appears that suit,[4] similar to the suits brought against Bay, Hillsborough and Lee Counties, above discussed, was filed against the Marion County Tax Assessor and the State Comptroller by William C. Butscher, Jr., one of the relators in this proceeding, and others, on January 3, 1966. Inasmuch as that controversy is pending in a Circuit Court of competent jurisdiction we must decline to issue the^ discretionary writ in as far as it relates to the Marion County tax roll.
Perhaps, in passing, we should point out there is no inconsistency between our holding here and. the relevant decisions of this Court; that although we are loath to intrude upon the province of the Circuit Courts which have taken and retain jurisdiction we will, if necessity warrants, open our doors to further consideration, all to the end that, in each of the counties, a tax roll consistent with the requirements of law be compiled and submitted in 1967.
*108 In view of the above we decline to issue the discretionary writ. The motion to quash the alternative writ is granted.
THORNAL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.
ERVIN, J., concurs specially with opinion.
THOMAS, J., dissents.

. Geraci v. Walden, No. 154299-C, Div. F, Circuit Court, Hillsborough County, August 26, 1966; Aff'd. Dickenson v. Geraci, Fla.App.2nd, 190 So.2d 368, Sept. 30, 1966.

. Veal v. Conrad, No. 66-14, Circuit Court, Bay County, May 26, 1966.

. Sunset Realty Corp. v. Schooley, No. 16157, Circuit Court, Lee County, April 18, 1965; reversed in part 185 So.2d 1 (Fla.App.2nd 1966), and subsequent orders of the Circuit Court, Lee County entered June 16, 1966 and September 28, 1966.

. Butscher vs. Nott, Chancery Case No. 20532, Circuit Court, Marion County.