PER CURIAM.
The Department of Revenue appeals from a final order confirming the provisional taxes levied against the 1980 Walton County Interim Property Assessment Roll as the final ad valorem taxes in Walton County for the tax year 1980. We reverse.
The parties are in substantial agreement as to the facts. The Department of Revenue (hereinafter, Department or appellant) disapproved Walton County’s preliminary 1980 assessment roll on the grounds that the level of assessment reflected on the roll was substantially below just value. The Walton County Property Appraiser (hereinafter, appellee) did not appeal this disapproval. Rather, appellee filed an action against appellant in the Walton County Circuit Court. The complaint requested that the court grant an extension of time for preparation of a corrected 1980 assessment roll, and approve the levy and collection of 1980 provisional taxes based on the interim roll procedures set forth in Section 193.1145, Florida Statutes (1980 Supp.).
On November 26, 1980, the lower court entered an order requiring appellee to prepare a corrected 1980 roll and submit it for appellant’s approval on or before June 1, 1981. In addition, the court authorized Walton County taxing authorities to levy and collect provisional 1980 taxes based on the disapproved preliminary assessment roll. On June 1, 1981, appellee filed a petition in the circuit court seeking an order confirming the interim roll as final for 1980. Appellant’s response requested an order compelling appellee to prepare a corrected assessment roll for 1980 and submit it to the Department.
At the hearing, the evidence showed that neither the previous property appraiser nor *55 the current property appraiser made any effort to comply with the court’s November 26, 1980 order. Instead, immediately upon taking office, the current Walton County property appraiser began work on the 1981 assessment roll. The trial court found that he did so in the mistaken belief that, should he complete an acceptable 1981 roll, the Department would not oppose certification of the interim roll as the final assessment roll for 1980.
Further evidence showed that the level of assessment of Walton County’s preliminary roll was approximately seventy-seven percent (77%), that 65 of the 67 county assessment rolls had been approved for the year 1980 and that none of these was at less than ninety percent (90%) just value. The only county other than Walton without an approved roll had appealed the Department’s disapproval. While the appellee’s evidence showed that preparation of a corrected 1980 assessment roll would require the expenditure of substantial amounts of time and money by Walton County officials, appellant’s evidence showed that over 5,000 Walton County property owners would be eligible for the $15,000 increased homestead exemption authorized by Article VII, § 6(d) of the Florida Constitution in the event that a final 1980 roll was approved by the Department and that approval of the preliminary roll as final would cause the State to pay an additional $219,000 to fund the public schools of Walton County.
The trial court weighed the cost of preparing a corrected 1980 roll against the benefits to be obtained therefrom and certified the disapproved interim roll as the final roll for 1980. In so doing, the court relied on that portion of Section 193.-1145(8)(d), Florida Statutes, which provides:
However, the court, upon a determination that the amount to be supplementally billed and refunded is insufficient to warrant a separate billing or that the length of time until the next regular issuance of ad valorem tax bills is similarly insufficient, may authorize the tax collector to withhold issuance of supplemental bills and refunds until issuance of the next year’s tax bills. At that time the amount due or the refund amount shall be added to or subtracted from the amount of current taxes due on each parcel, provided that the current tax and the prior year’s tax or refund shall be shown separately on the bill. Alternatively, at the option of the tax collector, separate bills and statements of refund may be issued. In addition, the court may find that the implementation and administration of a reconciliation between the interim and final rolls or that the preparation of a final roll is not in the best interest of the public. Upon so finding, the court may enter an order confirming taxes levied against interim assessments to be final for the year in question ; property appraisal adjustment board petitions may then be filed with respect to interim assessments, and delinquent provisional taxes shall then be subject to the provisions of Chapter 197.
In making its decision, the lower court weighed the cost of preparing a final roll against the financial gain to be obtained by the county (admittedly none[1]). On this basis, the court determined that the “best interest of the public” would not be served by requiring the preparation of a corrected roll. In essence, the court decided that “in the best interest of the public” means “in the best interest of the taxing authorities of Walton County.” Such a construction is too parochial.
The Florida Constitution requires “just valuation” of all property subject to ad valorem taxation.[2] “Just Valuation” is synonymous with “fair market value” or the amount that a purchaser willing but not *56 obliged to buy would pay to a seller willing but not obliged to sell.[3]
For over 100 years it has been the rule in Florida that property be assessed at its fair market value for ad valorem tax purposes. During that time, Florida’s legislative, executive, and judicial branches have all declared that a lesser standard cannot be tolerated. Yet, the standard has never been followed.[4]
The objection to assessments of less than fair market value was perhaps most succinctly stated by the Florida Supreme Court:
[I]t appears that in eight counties assessments are made on the basis of 100 per cent, of valuation while the range is from that figure to 17.54 per cent, in a certain county. The eight counties deserve mention: Alachua, Baker, Bradford, Duval, Hendry, Orange, Palm Beach and Union. The rhetorical question emerges: How could it be said that an owner of property assessed at 17.54 per cent, of full cash value carries his share of the burden?[5]
In an effort to come to grips with the existing impediments to fair market value assessments, the 1980 Legislature enacted tax reform legislation popularly known as the “truth in millage” or “TRIM” bill.[6] We are concerned here with one of the numerous reforms contained in that legislation. Recognizing that a Department of Revenue disapproval of a county assessment roll or grant to a county of an extension of time to prepare its assessment roll could result in financial hardship to the county, the legislature enacted Section 193.1145, Florida Statutes (1980 Supp.). This section allows a county, under certain limited circumstances, to collect taxes based on its last approved roll if preparation of the current roll has been delayed, or based on its current roll where that roll has been disapproved. The statute provides that when an approved roll is available the two shall be reconciled. This is accomplished by recomputing the tax bills and adjusting the millage rate to insure the total taxes levied remain the same. Taxpayers who are under assessed receive a supplemental bill, those over assessed a refund.[7]
The language which is the subject of the instant dispute appears in a subsection which deals with remedies a court may order where the amount to be supplementally billed and refunded is “insufficient to warrant a separate billing or that the length of time until the next regular issuance of ad valorem tax bills is similarly insufficient.” The subsection provides that a court may under such circumstances authorize the tax collector to withhold issuance of supplemental bills and refunds until issuance of the next year’s tax bills. As an alternative, it provides that, at the option of the tax collector, separate bills and statements of refund may be issued. Then, and without further explanation, the disputed language appears. It is clearly tied to the previous sentences grammatically by the phrase “in addition.” Accordingly, before the court may enter an order confirming taxes levied against the interim assessments to be final for the year in question, it must find that the amount to be supplementally billed and refunded is so insufficient that it would not be in the best interest of the taxpaying public to require preparation of a final roll, or to order reconciliation between the final and interim rolls, that is, the preparation or reconciliation would amount to a mere formality.
*57 “In the best interest of the public,” as used here, means “in the best interest of the taxpayers of the State of Florida.” The best interest of the public is not served by requiring over 5,000 home owners in Walton County to bear an unfair tax burden, nor is it served by requiring the taxpayers of counties which assess at just value to pay the way of a county which assesses at 77%. The constitutional requirement that all property subject to ad valo-rem taxation be assessed at just value and the history of the TRIM bill permit no other conclusion.[8]
REVERSED and REMANDED for proceedings not inconsistent with this opinion.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Section 193.1145(6), (7), Florida Statutes (1980 Supp.) provides that the total amount of taxes collected by each taxing unit shall not be increased when the assessment roll is finally approved. Instead, reconciliation is accomplished by recomputing the millage rate of each taxing unit.

. Article VII, Section 4, Florida Constitution.

. District School Board of Lee County v. Askew, 278 So.2d 272 (Fla.1973).

. Pajic, Weber and Francis, Truth or Consequences: Fla. Opts, for Truth in Millage in Response to the Proposition Thirteen Syndrome, 8 F.S.U.L.Rev. 593 (1980).

. Burns v. Butscher, 187 So.2d 594 (Fla.1966).

. 8 F.S.U.L.Rev. 593. This article contains an extensive discussion of the obstacles to just valuation in Florida. See also, Dickinson v. Geraci, 190 So.2d 368, 385 (Fla. 2nd DCA 1966), in which the court took judicial notice that in the past most tax assessors knew the people of their county looked favorably on low ratios of assessment and that this would redound favorably in the tax assessor’s election returns.

.Section 193.1145, Florida Statutes.

. See, Slay v. Department of Revenue, 317 So.2d 744 (Fla.1975), a pre-TRIM bill case in which Holmes County found itself in serious financial difficulty due to a disapproval of its assessment roll. The Supreme Court held that equitable relief was available to a county in the face of such a financial emergency, and suggested a remedy which is remarkably similar to the interim roll process set out in Section 193.-1145. The opinion made it clear that such equitable relief was temporary and did not vitiate the requirement of just value assessment. In fact, in his concurring opinion, Justice Sund-berg suggested that equitable relief would only be available to a county which had made a good faith effort to secure a reappraisal at the earliest practicable date.