EHRLICH, Justice.
This cause is before the Court because of apparent conflict between the opinion of the district court below, State, Department of Revenue v. Johnston, 422 So.2d 935 (Fla. 5th DCA 1982), and opinions of two other district courts, State, Department of Revenue v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982), and State, Department of Revenue v. Adkinson, 409 So.2d 53 (Fla. 1st DCA 1982). We accepted jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. Because we find this cause distinguishable on its facts from those cited in conflict, we discharge jurisdiction.
All three cases arose in the wake of the Florida legislature’s passage of the Truth in Millage (TRIM) Bill requiring county property appraisers to appraise property at just valuation, that is, one hundred per cent of fair market value. In the case of Fla- *951 gler County, the property reappraisal was hampered by a small staff, lack of computer assistance and a limited budget. Flagler is a small county containing a relatively high number of individual parcels. The property appraiser’s staff was unable to complete the reappraisal and the new tax roll in time to prepare the 1980 tax bills. The property appraiser went before the circuit court, pursuant to section 193.1145, Florida Statutes (Supp.1980), seeking adoption of an interim tax roll on which taxes for 1980 could be collected. The circuit court entered an order certifying the interim roll. It is undisputed that this tax roll did not represent just valuation.
After several extensions of time in which to file, the final tax roll was submitted to the Department of Revenue on May 29, 1981 and accepted. On June 17, 1981, the property appraiser filed a motion in the circuit court to have the interim roll declared the final roll, pursuant to section 193.1145(8)(d), Florida Statutes (Supp.1980), which provides:
However, the court, upon a determination that the amount to be supplementally billed and refunded is insufficient to warrant a separate billing or that the length of time until the next regular issuance of ad valorem tax bills is similarly insufficient, may authorize the tax collector to withhold issuance of supplemental bills and refunds until issuance of the next year’s tax bills. At that time the amount due or the refund amount shall be added to or subtracted from the amount of current taxes due on each parcel, provided that the current tax and the prior year’s tax or refund shall be shown separately on the bill. Alternatively, at the option of the tax collector, separate bills and statements of refund may be issued. In addition, the Court may find that the implementation and administration of a reconciliation between the interim and final rolls or that the preparation of a final roll is not in the best interest of the public. Upon so finding, the court may enter an order confirming taxes levied against interim assessments to be final for the year in question; property appraisal adjustment board petitions may then be filed with respect to interim assessments, and delinquent provisional taxes shall then be subject to the provisions of chapter 197.
(Emphasis supplied.)
The circuit court conducted a full eviden-tiary hearing, at which the Department of Revenue alone opposed the motion; no Fla-gler County taxpayer opposed confirmation of the interim roll. Testimony was presented, primarily by county officers, showing that reconciliation would require disruption of the county’s adopted budget, with a resulting cut-back in services and capital projects; that the county would lose $1.4 million in state revenues which would not be immediately replaceable from increased county revenues; that because of limited staff and resources the process of reconciliation would halt preparation of the 1981 tax roll, which was projected as being in full compliance with the TRIM Bill requirements. In short, the undisputed testimony presented the picture of a county caught on a treadmill of “catching up” on just valuation without being able to achieve the goal mandated by the legislature absent fiscal chaos.
The trial judge in weighing these facts, “considered the impact of revenues on a State wide basis” and “weighed impact upon the economy and the orderly flow of Government functions in Flagler County.” In light of the legislature’s own statement of policy regarding adoption of interim rolls as final — “It is the intent of the legislature that no undue restraint shall be placed on the ability of local government to finance its activities in a timely and orderly fashion.” § 193.1145(1), Fla.Stat. (Supp. 1980) — the court found that “the ‘best interest of the public’ whether limited to the County of Flagler or the general public of the State of Florida, would be best served by confirming the taxes levied against the interim assessments to be final in 1980.”
The facts recited above are not analytically the same as those in Adkinson. *952 There, the property appraiser had made no attempt to correct a tax roll disapproved by the Department of Revenue, as ordered by the court. The trial court, in certifying the taxes collected on the deficient interim roll as final, had weighed costs and benefits only at the local level. The First District correctly held that state-wide impact was significant to the determination of what would be “in the best interest of the public.”
In Markham, the Fourth District Court of Appeal recognized many of the same factors raised by Flagler County, but found they did not, in Broward County, pose a threat of governmental fiscal and administrative chaos, a finding of fact necessary to the granting of the Flagler County’s motion for certification. We note that the Fourth District, in dicta, stated that the interpretation given the statute by the Fifth District rendered the statute unconstitutional by permitting certification of a tax levied against less than just valuation. However, on rehearing, that court acknowledged “the trial court’s inherent power to head off such [governmental] crisis.” 426 So.2d at 566.
Because we find no conflict, we discharge jurisdiction.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDonald and SHAW, JJ., concur.
BOYD, J., dissents with an opinion.