BOYD, Justice,
dissenting.
I dissent to the ruling of the Court. I would quash the decision of the district court of appeal and disapprove its rationale. Article VII, section 4 of the Florida Constitution requires that assessments of all property for ad valorem taxation purposes be at “just valuation.” The requirement of “just valuation” was also in predecessor provisions of our. state constitutions before 1968. Art. IX, § 1, Fla. Const. (1885); art. XII, § 1, Fla. Const. (1868). The language was held by this Court to require assessment of property at full market value as early as 1945. See Root v. Wood, 155 Fla. 613, 21 So.2d 133 (1945). There are no expressed exceptions in article VII, section 4, and the only judicially recognized implied exception to the full-market-value requirement has arisen only in cases where relief was needed to avert governmental catastrophe. Slay v. Department of Revenue, 317 So.2d 744 (Fla.1975); State ex rel. Butscher v. Dickinson, 196 So.2d 105 (Fla.1966); State ex rel. Glynn v. McNayr, 133 So.2d 312 (Fla.1961). None of those cases, however, was like this case, because in none of those cases was there an available final tax roll assessing property at its full value. In the present case the property appraiser submitted a final tax roll for approval by the Department of Revenue and it was approved on May 29, 1981. Then, on June 17, 1981, the appraiser filed the complaint seeking to have the interim roll declared as the final roll. Thus a final roll assessing property at full market value existed when the court decided to declare the interim roll as final. That existing, approved, and valid final roll should have been ordered adopted and used.
My review of the record convinces me that there was insufficient evidence to support the trial court’s factual conclusions and its decision to relieve the property appraiser of the duty to use the valid final roll. This case is not substantially different from State Department of Revenue v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982) and State Department of Revenue v. Adkinson, 409 So.2d 53 (Fla. 1st DCA 1982). Thus the failure to use the valid final full-market value assessment roll is being excused on the ground of inconvenience. I therefore dissent.