## BLAKER v DUSENBERRY

### Case No. 86-25 SPW

County Court, Broward County

April 21, 1986

**APPEARANCES OF COUNSEL**

**Gilda Blaker,** plaintiff, pro se.

**Mary Dusenbery,** defendant, pro se.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

THIS CAUSE came on to be heard upon the complaint for money damages. This Court being fully advised in the law and facts finds as follows:

### I. *FACTS*

1. In 1980, the Defendant was the owner of the real property in

Broward County which is relevant hereto. She paid the taxes assessed thereon in 1980 pursuant to the 1980 "interim" ad valorem tax roll as prepared by the Broward Property Appraiser.

2. Subsequent to 1980, the Defendant transferred the property to the Plaintiff, such conveyance being accomplished through a Warranty Deed. That Deed provided, in relevant part, that the seller "fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever, and that said land is free of all encumbrances."

3. The Florida Department of Revenue challenged the adequacy of the 1980 "interim" tax roll and an action was brought in Broward Circuit Court, which resulted in a decision of June 1981 holding that "interim" tax roll to be valid and the final tax roll for Broward County. The Department of Revenue appealed and in 1982 the Fourth District Court of Appeals reversed, requiring the Property Appraiser to revalue the tax roll because of its inadequacy, *State Dept. of Revenue v. Markham*, 426 So.2d 555 (Fla. 4th DCA 1982). The Property Appraiser appealed and the Supreme Court decision in *Department of Revenue v. Johnston*, 442 So.2d 950 (Fla. 1983) allowed the Fourth District decision to become final.

4. Pursuant to these directives, the Property Appraiser prepared a revised final ad valorem tax roll, which was approved by the Department of Revenue in 1985. The real property involved herein was rendered an increase in 1980 taxes over those already paid pursuant to the "interim" tax roll. The tax bill was assessed against the present owner (Plaintiff herein). In July 1985 the Plaintiff paid these taxes and brought this lawsuit.

5. The decisions of the State Department of Revenue, the Circuit Court, Fourth District or the Supreme Court do not speak to the rights of the present owner of the property against the owner as of 1980.

II. *ISSUE*

Is the 1980 owner of real property responsible to the 1985 owner for a re-assessed increase of 1980 taxes which increase was not made until 1985?

III. *DECISION*

1. Pursuant to the Warranty Deed between the parties, the Defendant warranted the property was "free from all encumbrances." Although the Defendant acted in good faith, paid her 1980 taxes pursuant to the "interim" tax roll and sold the property believing the 1980 taxes were paid, it was not until some 5 years later that anyone knew

there were more 1980 taxes due. However, this good faith does not release the Defendant's obligations and responsibilities under the Warranty Deed.

2. Therefore, this Court finds that the 1980 property owner [the Defendant] is responsible to reimburse the 1985 property owner [the Plaintiff] for any increase in the 1980 taxes that the 1985 property owner was required to pay pursuant to final tax roll.

3. This Court reserves jurisdiction to determine damages and court costs.

DONE AND ORDERED this 21st day of April, 1986, at Lauderhill, Broward County, Florida.