317 So.2d 744 (1975)
William R. SLAY, Appellant,
v.
DEPARTMENT OF REVENUE of the State of Florida, a State Agency, Appellee.
No. 47534.
Supreme Court of Florida.
July 31, 1975.
Rehearing Denied September 25, 1975.
*745 M. Stephen Turner of Thompson, Wadsworth & Messer, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Larry Levy, Asst. Atty. Gen., for appellee.
Warren H. Edwards, Bonifay, for Holmes County District School Board, intervenor-amicus curiae.
ENGLAND, Justice.
This matter is before us on petition for constitutional writ, asking us to review an order of the Leon County Circuit Court dismissing appellant's complaint, and asking us to enjoin the Department of Revenue ("the department") from interfering with the collection of 1974 real property taxes in Holmes County.
On December 9, 1974, the department disapproved the 1974 real property tax assessment roll for Holmes County on the authority of Section 193.114(6), Fla. Stat. (1973), stating that assessments in the county were not in substantial compliance with the constitutional requirement of just valuation.[1] Appellant, as the property appraiser[2] and a taxpayer of Holmes County, asked the circuit court to declare the department's disapproval of the tax roll illegal and unconstitutional. The circuit court dismissed his complaint on the ground that the exclusive forum to obtain a review of the department's action was the Assessment Administration Review Commission established under Section 195.098(1), Fla. Stat. (1973) ("the Commission"). The circuit court also upheld the constitutionality of the Commission, thereby giving us jurisdiction to review the court's order.[3]
Holmes County's tax assessments were first criticized in 1973, when the department warned the county that a failure to correct deficiencies would result in a disapproval of the 1974 tax roll. Forewarned of this consequence, appellant had endeavored to find funds sufficient to correct assessment deficiencies. His efforts were not successful until late 1974, when the county hired a professional reappraiser approved by the department to conduct a massive reappraisal of the Holmes County tax rolls. Reappraisal is now scheduled to be completed in late 1975, and it is estimated that tax notification and review processes *746 will delay the collection of 1974 taxes until at least November 1975.[4]
In his petition here, appellant requests that we authorize immediate real property tax collections in Holmes County on some basis, possibly even the 1974 tax roll disapproved by the department. He further asks that we enjoin the department from interfering with this collection process. A number of collateral issues are raised by the parties which, by reason of the posture of the case before us, we decline to consider.[5] Despite their legal differences, both parties acknowledge the practical and financial difficulties of Holmes County, and both recognize an emergency need to provide some form of relief.
As we view this cause, Holmes County has admitted the invalidity of its 1974 tax assessment roll. By failing to pursue an administrative appeal to the Commission, the County left intact the department's disapproval.[6] By contracting for a massive reappraisal of properties, the County acknowledged the invalidity of assessments forming the basis of its proposed 1974 roll. In this posture, we do not have before us the range of remedies which would have been available on appeal from a Commission proceeding, had Holmes County pursued one.[7] Nonetheless, we are not powerless to provide Holmes County with the relief which both parties concede it needs. Our courts have inherent equity powers to provide relief if the law does not clearly provide a remedy.[8] The circuit court need not have held that the judiciary lacked jurisdiction to provide some form of relief.[9]
*747 We hold that chapter 195 is inapplicable to this proceeding, but that through chapter 194 the circuit courts are available to provide equitable relief to a county of this state in the face of this financial emergency. The proper venue of this case is Holmes County.[10] Accordingly, this cause is remanded to the Leon County Circuit Court for entry of an order (1) transferring the cause to the Circuit Court for the Fourteenth Judicial Circuit,[11] and (2) directing the latter court to assume jurisdiction of the parties and the cause pursuant to Part II of Chapter 194. We direct that court, following transfer, to conduct appropriate proceedings to provide Holmes County with such equitable relief as the court deems necessary, including, in the court's discretion, the grant of authority to issue tentative 1974 real property tax notices and to collect tentative 1974 real property taxes on the basis of the existing but invalid 1974 tax roll. The court shall retain and exercise its jurisdiction, however, to protect the rights of all taxpayers of Holmes County, including those who owned property on January 1, 1974 and any subsequent purchasers, transferees or owners.
The order of the Leon County Circuit Court granting the department's motion to dismiss appellant's complaint is reversed, and the court is directed to proceed expeditiously with the mandate of this Court.
The time for filing a petition for rehearing is limited to Friday, August 15, 1975, at 5:00 p.m. However, this decision and order shall be effective forthwith and the granting of this privilege of rehearing shall not operate as a stay of any proceedings in this cause.
It is so ordered.
ADKINS, C.J., and BOYD and OVERTON, JJ., concur.
SUNDBERG, J., concurs with an opinion.
SUNDBERG, Justice (concurring).
I concur in the result reached by the majority herein, but wish to make clear that such concurrence is predicated on the peculiar facts presented in this case in that I do not wish our result to be interpreted as authorizing the circumvention of the requirements of Section 195.098, Florida Statutes. As I view the posture of the proceedings before this Court the action of the Department of Revenue in disapproving the 1974 real property tax assessment role for Holmes County is not in issue. The appellant, for all intents and purposes, has conceded the defect in the 1974 tax role and is in the process of securing a reappraisal of real property values in Holmes County for purposes of preparing a valid tax role for that year. Consequently, there is no meritorious basis for a review proceeding before the Assessment Administration Review Commission.
There is, however, the practical problem of collecting real property taxes in Holmes County for the year 1974 in order to provide the revenues necessary to fund continued performance of County functions, including school functions. Under such circumstances and assuming that the appellant has exerted a good faith effort to secure a reappraisal at the earliest practicable date, *748 he is entitled to seek equitable relief from the circuit court under the provisions of Part II of Chapter 194, Florida Statutes  not to test the validity of the 1974 tax role, but to fashion a method for collecting real property taxes in the County on some equitable interim basis pending completion of the reappraisal now in progress, provided, of course, that appellant demonstrates to the circuit court that he has acted in good faith and with due diligence to secure the reappraisal necessary to formulate a valid 1974 real property tax assessment role.
NOTES
[1] Fla. Const. art. VII, § 4 (1971).
[2] The office which appellant occupies is constitutionally created. Fla. Const. art. VIII, § 1(d) (1968), amended by H.J.R. 1907, adopted November 5, 1974 and effective January 1, 1975. The position was formerly denominated "tax assessor".
[3] Fla. Const. art. V, § 3(b) (1) (1972). Following initial disapproval of the 1974 tax roll, Holmes County had timely appealed the department's ruling to the Commission. On the date set for hearing, however, the county voluntarily withdrew the appeal.
[4] The tax collection process for 1975 real property taxes will occur almost simultaneously with the collection of 1974 taxes. Appellant poses the hardship to Holmes County taxpayers as an additional reason for immediate temporary relief.
[5] Appellant asks that we declare the Commission to be unconstitutional, in that its role constitutes an usurpation of the functions of the judicial branch of government. As there is no act of the Commission before us, there is no occasion to consider this question. Appellant also asks that we invalidate the department's disapproval of the tax roll, as an infringement by the executive branch on the functions of a constitutional officer. By failing to pursue an appeal to the Commission, the action of which would have been reviewable here, appellant has failed to exhaust an administrative remedy described in the law as the exclusive method for reviewing departmental disapproval. Finally, the department asks that we dismiss the petition for lack of standing. The standing problem was cured between the filing of appellant's appeal and oral argument by appearance of the Holmes County School Board.
[6] Appellant could have preserved his constitutional challenge to the authority of the Commission in the event of an adverse determination in that review proceeding, and brought the challenge here on appeal "as a matter of right". Section 195.098(3), Fla. Stat. (1973).
[7] Section 195.098(3) (a)-(f), Fla. Stat. (1973).
[8] Farrington v. Flood, 40 So.2d 462 (Fla. 1949). See also Fla. Const. art. I, § 21 (1968). The relief granted under the circumstances of this case is not generally available as a substitute for the normal processes of tax collection or as a means to circumvent departmental disapproval. We are satisfied that, in this case, Holmes County is proceeding in good faith to develop a valid tax roll, and that this proceeding was not instituted as an "end run" around the department's disapproval. Equitable relief is available only where the applicant has "clean hands".
[9] The circuit court held that the exception in Section 195.098(1), Fla. Stat. (1973), effectively barred the relief appellant requested. That was a correct analysis of Count I of appellant's complaint. Under Count II, however, the court was requested to authorize interim tax bills, and such other equitable relief as was necessary to eliminate financial hardship. The circuit court has jurisdiction as to Count II under the main provision of Section 195.098(1), and under Sections 194.171 and 194.181, Fla. Stat. (1973). We do not fault the circuit court, however, for reluctance to assume broad equitable powers. There is undoubtedly some truth in the court's observation in the colloquy which followed counsel's suggestion that similar equitable relief could be fashioned below:

"MR. MESSER: ... I think the Supreme Court can [send out supplemental tax bills if the initial roll is too low], but if the Supreme Court can do it, Judge Willis, this court could do it.
THE COURT: Not necessarily. They can get away with a lot of things I can't."
[10] Section 194.171(1), Fla. Stat. (1973).
[11] Fla.R.Civ.Proc. 1.060(b); Section 47.122, Fla. Stat. (1973).