376 So.2d 444 (1979)
Ralph T. ENDERBY, Appellant,
v.
CITY OF SUNRISE, Appellee.
No. 78-1608.
District Court of Appeal of Florida, Fourth District.
October 31, 1979.
Ralph T. Enderby, pro se.
H. Mark Purdy of Parkhurst, LaHurd & Purdy, P.A., Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
Summary final judgment was entered against appellant who urges five grounds for reversal, of which one requires discussion.
The uncontradicted facts as gleaned from appellant's brief are that appellant in 1974 purchased an eight unit apartment building *445 in the City of Sunrise; that he contacted the City's public service department to obtain water and sewer service; that one of the City's clerks erred and established the service under the lower rate structure of a single family home, rather than the rental apartment unit rate set forth in the Resolutions adopted by the City Council; that the error went unnoticed by the City for eighteen months; and that while appellant cannot specifically recite the loss occasioned him, he did base his rentals during the eighteen months in part on his expenses, which included water and sewer charges.
Appellant maintains that any error was occasioned solely by the City and that he did not contribute to that error.
Based on the foregoing facts, appellant argues that the City is equitably estopped from collecting the difference in the correct and incorrect charges.
There is no question that the doctrine of equitable estoppel may be invoked against a municipality as if it were an individual. Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976).
Historically, however, the doctrine has not been applied against a municipality when the action upon which the individual relies has been unauthorized or unlawful.
In the present case, appellant's statement of facts recites that the lower rate charged was an error and that the error was committed by a clerk in the public service department.
In United Sanitation Services, Inc. v. City of Tampa, 302 So.2d 435 (Fla. 2d DCA 1974), a garbage collector sought to enjoin the enforcement of a City ordinance that would have enabled the City to deny further applications for private permits for the collection of garbage. The plaintiff alleged that for a period of approximately ten years, it had been obtaining these permits pursuant to an oral agreement with the then-mayor and the directors of the sanitation department. The court held, on page 438:
In this case, it is obvious that neither the mayor nor the head of the Sanitation Department had the authority to agree, in essence, to the nonenforcement of a valid and duly enacted city ordinance. Any such agreement was both entirely beyond the power of the officials in question to make, and was unlawful even if they possessed that power. The law is entirely clear that no estoppel can be sustained against a municipality under such circumstances.
The court upheld the revocation of a building permit issued by mistake, in Miami Shores Village v. Wm. N. Brockway Post, 156 Fla. 673, 24 So.2d 33 (1945), notwithstanding the expenses incurred by the property owner in reliance thereon.
The court said on page 35:
Generally speaking, a permit issued under mistake of fact or in violation of law confers no right or privilege on the grantee. The applicable principle is that every person is presumed to know the nature and extent of the powers of municipal officers.
A similar decision was reached in Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (1942).
Text authority is supportive. 3 McQuillin, Mun.Corp. (3rd Ed.), § 12.126a; 28 Am.Jur.2d Estoppel and Waiver § 122; 1 ALR 2d 338, 341.
See also, First National Bank of Key West v. Board of Public Instruction for Dade County, 107 Fla. 525, 145 So. 203 (1933).
When a mistake has been made in charges for public utilities, recovery for the larger amount actually furnished is generally not precluded. 64 Am.Jur.2d Public Utilities § 57.
Accordingly, the summary final judgment is affirmed.
AFFIRMED.
DOWNEY, C.J., and ANSTEAD, J., concur.