387 So.2d 389 (1980)
CITY OF CORAL SPRINGS, Appellant,
v.
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 79-334.
District Court of Appeal of Florida, Fourth District.
July 9, 1980.
Rehearing Denied September 25, 1980.
Paul J. McDonough, Coral Springs, for appellant.
William Robert Leonard of Coleman, Leonard & Morrison, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment denying the City of Coral Springs' right to foreclose upon certain property owned by Broward County for an unpaid sewer line assessment. At issue is whether the City was estopped to enforce its lien by virtue of mistaken information conveyed to the county by an employee in the City's finance department.
To establish the defense of equitable estoppel, the County called Daphne Wright, a former employee. She testified that upon instructions from her superior, she telephoned and spoke directly to the clerk of the City of Coral Springs. She gave a detailed explanation of the purpose of her call, and then was transferred to another department or employee. It was this second employee who gave the information which was ultimately relied and acted upon. The court also admitted an affidavit into evidence which Mrs. Wright had executed earlier which states:
On August 6, 1974, I telephoned the Coral Springs City Clerk's Office. The City Clerk, Mrs. Catherine McGarity, answered the phone. I identified myself and advised her I was calling on behalf of the County to inquire of the City of Coral Springs about any unpaid taxes or liens by the City against Lots 7 and 8, Block A, *390 Greater Coral Springs Research and Development Park Addition, same being 7.1/2 ac. ± at Sample Road and N.W. 127 Avenue in Coral Springs, owned by Naples Twin Lakes, Inc., because the County was negotiating with the owners to purchase said site.
The Clerk, Mrs. McGarity, advised me to hold the phone, that she would transfer the call to "Finance", and that Peggy Day would look it up and answer my inquiry. Thereupon, I spoke to Finance Dept. and a lady, whom I presumed to be Mrs. Day, spoke to me.
I repeated the purpose of my call to this lady, identified the land parcel and the owner, and she requested me to hold the phone while she checked the records to determine what taxes, claims or liens the City had, if any, of record against either Naples Twin Lakes, Inc., or the subject parcel of land. Shortly thereafter she reported to me: "No, there are no liens of any kind, nothing in the City records showing any liens, assessments or unpaid taxes, mowing liens, water standby or any claims by the City of any kind." She further stated any sewer assessments due were included in the purchase price to original owners or first purchasers from original owners. I advised her that Mr. Merl Richman, President of Naples Twin Lakes, Inc. had advised us that he had applied for a building permit to erect warehouses on the property and asked if she knew whether he had "pulled" the permit. She said she did not know, because that would be handled by the Building Dept. She said she did not know anything about Naples Twin Lakes, Inc. or Merl Richman.
In addition to the testimony of Mrs. Wright, Peggy Day, an employee of the finance department, testified that it was part of her regular duties to furnish information as to sewage assessment liens, but that she could not recall the specific conversation in question, and it was her usual practice to take information from callers and return the call later or respond by mail.
To justify a claim of estoppel against a governmental body, there must be (1) a representation by the party estopped to the party claiming estoppel as to some material fact; (2) a reliance upon the representation by the party claiming the estoppel; and (3) a change in such party's position caused by his reliance upon the representation to his detriment. Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979), appeal dismissed 378 So.2d 345 (Fla. 1979). The act on which the aggrieved party relied must be one on which he had a right to rely. Greenhut Construction Company, Inc. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971). The doctrine of equitable estoppel may be invoked against a municipality in the same manner as an individual. Enderby v. City of Sunrise, 376 So.2d 444 (Fla. 4th DCA 1979).
In Enderby, supra, we stated:
There is no question that the doctrine of equitable estoppel may be invoked against a municipality as if it were an individual. Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976).
Historically, however, the doctrine has not been applied against a municipality when the action upon which the individual relies has been unauthorized or unlawful. Id. at 445
We believe the evidence of estoppel presented in this case was sufficient to meet the criteria set out in the cases cited, supra. In particular we note that the evidence relied on by the county indicates that the city employee was specifically authorized to supply lien information for the purpose requested by the county, and in addition, she was specifically advised of this purpose. Under these circumstances, and unlike the factual situation involved in Enderby, supra, we believe the action of the municipal employee here was shown to be both lawful and authorized.
Accordingly, the judgment of the trial court is hereby affirmed.
LETTS, C.J., and HURLEY, J., concur.