492 So.2d 1086 (1986)
Robert HITTEL, Sr., Thomas Edward Doriety and Mary Doriety, His Wife, and Anthony M. Nardotti and Linda M. Nardotti, His Wife, Appellants,
v.
Joseph ROSENHAGEN, As the Director of Revenue Collection, Broward County, Florida, and the Board of County Commissioners of Broward County, Florida, Appellees.
No. 85-1821.
District Court of Appeal of Florida, Fourth District.
June 18, 1986.
Rehearing Denied September 12, 1986.
*1088 John A. Thabes of Saunders, Curtis, Ginestra & Gore, P.A., Fort Lauderdale, and Nancy Little Hoffman, P.A., Fort Lauderdale, for appellants.
Susan F. DeLegal, General Counsel for Broward County, Larry E. Lymas-Johnson, Asst. Gen. Counsel, and Alexander Cocalis, Chief Trial Counsel, Fort Lauderdale, for appellees.
Jim Smith, Atty. Gen., Tallahassee, J. Terrell Williams and J.C. O'Steen, Asst. Attys. Gen., Tallahassee, for Amicus Curiae, State Dept. of Revenue.
DOWNEY, Judge.
Appellants filed a taxpayers' class action in the Circuit Court of Broward County against appellees, Broward County, The Board of County Commissioners of Broward County, Florida, and Joseph Rosenhagen, as the Director of Revenue Collection. The multi-count complaint sought injunctive and declaratory relief based on due process and equal protection violations; the statute of limitations; equitable estoppel; unjust enrichment; and civil rights violations.
A motion to dismiss or abate the action was filed by appellees upon the grounds that the case of State Dept. of Revenue v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982), rev. denied, 450 So.2d 487 (Fla. 1984), constituted a bar to the prosecution of this case. The parties and court treated this motion as raising the legal defenses of res judicata and estoppel by judgment (the pleading deficiency having been waived by stipulation). Said motion to dismiss was granted by the trial court with prejudice based "upon the grounds of res judiciata/estoppel by judgment." Said judgment certifies to this court the following question as one of great public interest to the citizens and taxpayers of Broward County:
DOES THE PRIOR CASE OF MARKHAM v. DEPARTMENT OF REVENUE (sic) 426 So.2d 555 (Fla. 4th DCA 1983), Pet. for rev. den. 450 So.2d 487 (Fla. 1984) EFFECTIVELY BAR PLAINTIFFS HEREIN FROM PROSECUTING THEIR PRESENT CLASS ACTION UPON THE BASIS OF RES JUDICATA OR ESTOPPEL BY JUDGMENT?
It should be noted that the Florida Rules of Appellate Procedure do not allow certification by the circuit court to this court. Appellants timely appealed the final judgment, however, and therefore this case is properly before this court for review.
Since the focal point of this case is the impact of the Markham case upon appellants' present claims, some allusion to the facts and history of that case is necessary. On December 4, 1979, the Department of Revenue issued a directive to William Markham, the Broward County Property Appraiser, disapproving the 1979 Broward County real property assessment roll as being less than "just valuation," and directing that the 1980 assessment roll be reappraised at one hundred percent of just value. Markham was unable to complete the reappraisal in time for the 1980 assessment roll to be approved, millages set, taxes levied and collected, and disbursements made of the taxes so collected to the various governing bodies within the county. Because essential government services and functions would be impaired, Markham filed suit against the Department of Revenue in April 1980, seeking an extension of time to complete preparation of the 1980 real estate rolls, and leave to prepare an interim tax roll for 1980 based upon 1979 property values and millages. Broward County and several individuals intervened in the action.
*1089 A final judgment was entered in the Markham lawsuit on July 22, 1980, granting the relief sought and ordering that the reassessment go forward establishing schedules to set and collect both the interim as well as the final tax. After Markham completed his reassessment, and it was approved by the Department of Revenue, he moved, in March 1981, for entry of an order to establish tax roll procedures in order to determine whether reconciliation between the interim and final rolls for 1980 should be declared final for 1980, and whether supplemental bills should be sent. In June of 1981 the trial court in the Markham lawsuit entered an order directing that taxes levied on interim assessments for the year 1980 be confirmed as final, that there be no reconciliation between the interim and final assessment rolls, and that the 1980 taxes levied and collected on the interim roll would stand as being the final tax for 1980.
The Department of Revenue appealed the above order and this court reversed in State Dept. of Revenue v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982), rev. denied, 450 So.2d 487 (Fla. 1984), and held that the trial court erred in dispensing with reconciliation of the rolls and ordering the interim roll final, because the interim roll did not satisfy the constitutional requirement of just valuation as set forth in Article VII, section 4, of the Florida Constitution. All motions for rehearing were denied, and the cause was remanded to the trial court for reconciliation of the interim and final 1980 rolls in compliance with section 193.1145, Florida Statutes.
After remand, further hearings in the Markham case were conducted, and on March 19, 1985, the trial court entered its order setting forth a timetable within which the property appraiser and the tax collector were to comply with the mandate of this court. In compliance with the above order, Markham issued to all class members a "Notice of Change of Assessed Valuation  Real Property  1980 Assessment Roll," and the revenue collector sent a final notice to the taxpayers notifying them of additional taxes or refunds due for the year 1980. Receipt of bills for additional taxes for the year 1980 precipitated this suit.
On appeal it is contended by appellants that the trial court erred in dismissing the complaint because neither res judicata nor estoppel by judgment apply here. In addition, appellants submit that the complaint states a cause of action for equitable estoppel against the county, which precludes it from ever collecting the taxes in question. Appellees' response is that the Markham case directed the Property Appraiser of Broward County to reappraise the county property for 1980 and to use an interim assessment roll for 1980 based on the 1979 roll while he was completing the reassessment of the entire county for the corrected 1980 tax roll. Thus, the payment of taxes pursuant to the 1980 interim tax roll did not preclude the tax collector from collecting more taxes for that year, if shown to be due by the final approved 1980 tax roll. Furthermore, appellees also contend that appellants cannot rely on equitable estoppel to avoid the collection of additional taxes.
In order for a final judgment to bar further litigation based upon principles of res judicata the judgment must reflect 1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action, and 4) identity of the quality in the person for or against whom the claim is made. Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Signo v. Florida Farm Bureau Casualty Insurance Co., 454 So.2d 3 (Fla. 4th DCA 1984). The doctrine of estoppel by judgment, however, may apply where two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues common to both actions that were actually adjudicated in the prior litigation. Seaboard Coast Line Railroad v. Industrial Contracting Company, 260 So.2d 860 (Fla. 4th DCA 1972). It is essential that the question common to both causes of action was actually adjudicated and that, if there is any doubt as to whether a litigant has had his *1090 day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation and against the rigid application of any principle that would defeat the ends of justice. Id. at 865.
As noted previously, if there is a lack of identity of causes of action, a defendant cannot prevail on the defense of res judicata. The present case demonstrates that the causes of action are not only not identical but they are quite dissimilar. In Markham the property appraiser's concern was with his official duties, i.e., what action he should take to rectify the numerous problems that had arisen because of the invalid 1980 tax roll such as funding government operations for the ensuing year while he was trying to reassess the property countywide. The county, as the governmental agency required to furnish the services, was concerned over its ability to function properly without the collection of adequate taxes. On the other hand, the issues raised in this suit by appellants concern deprivation of their constitutional rights resulting from the assessment of additional taxes for 1980 and their claims bottomed upon equitable estoppel arising out of the alleged misrepresentations of the property appraiser and the tax collector. It seems clear that none of these issues were, or could have been, adjudicated in the Markham suit.
A test frequently used to determine whether causes of action are identical is whether the evidence in both cases is in essence the same. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). See also Albrecht v. State, 444 So.2d 8, 12 (Fla. 1984). Upon application of this test, appellants submit that the evidence will be different in this suit since plaintiffs will be required to present proof regarding actions taken and representations made by the county on a continuing basis, both during and subsequent to the Markham litigation, in order to prove their allegations regarding the county's estoppel to collect additional taxes. Appellants further contend that, with respect to the constitutional questions alleged in the present complaint, evidence will probably be adduced regarding the conduct of the Markham litigation itself, as well as an inquiry into the alleged disparate treatment accorded the plaintiffs compared to taxpayers in other counties.
A recent case exemplifying the inapplicability of the doctrine of res judicata to this case is Albrecht v. State, 444 So.2d 8 (Fla. 1984). The supreme court found that there was no identity of causes of action where, in the first case, the plaintiffs challenged the propriety of an agency's actions in denying a dredge and fill permit and also challenged the constitutionality of the statute under which the agency acted, whereas in the second case, plaintiffs alleged that, as a result of the permit denial, their property had been taken without compensation and their constitutional rights violated. The court further noted:
It is also a settled rule that when the second suit is between the same parties, but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined in it... Therefore, if the cause of action is not the same there will be no estoppel as to those issues which could have been litigated in the previous action. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions ... [Citations omitted.]
444 So.2d at 12.
Thus, we conclude that the complaint herein does not seek to determine whether the law requires reconciliation of the tax rolls, but rather it claims that it is neither equitable nor just to collect those taxes from the plaintiff class under the circumstances now existing. It does not appear that the taxpayers' constitutional rights were determined in the Markham litigation, nor was there a determination of whether the county is or should be estopped from levying these additional taxes because of its alleged assurances to the *1091 taxpayers and financial institutions that no additional taxes were due. Therefore, neither res judicata nor estoppel by judgment should properly bar the present litigation.
The argument is made that to allow this suit to proceed is to effectively nullify the holding in the Markham case. While, at first blush, this appears to be an argument with some weight, in reality it misses the point. In Markham the appraiser brought suit in the Circuit Court of Broward County "invoking the court's inherent equity powers to provide relief." State Dept. of Revenue v. Markham, 426 So.2d 555 (Fla. 4th DCA 1982), rev. denied, 450 So.2d 487 (Fla. 1984). The suit was brought to enlist the court's help in fashioning a format or program whereby the appraiser could go about reassessing the county property for 1980, yet still collect taxes for that year on some interim basis. As a result, the circuit court, following the lead of Slay v. Department of Revenue, 317 So.2d 744 (Fla. 1975), authorized the appraiser to proceed with his reassessment and to collect taxes for 1980 based on an interim roll. In its final judgment the court provided that, when the appraiser had completed his reassessment and received a proper certified final roll for 1980, he would present the matter to the circuit court, at which time the court would determine whether the interests of justice require subsequent billings and, if not, whether the interim assessments shall be the final 1980 assessments. It seems clear to us that the alleged subsequent conduct of the appraiser and tax collector in misleading taxpayers about the status of the 1980 taxes, i.e., stating that they were paid, or that there would be no further assessments, played no part in the Markham litigation, nor could it have done so. Furthermore, the effect of the Markham holding requiring reassessment of Broward County real property at just valuation did not adversely affect every taxpayer in the county. No doubt it adversely affected some properties and increased their taxes. So, as to those taxpayers whose property was not adversely affected and as to those who were adversely affected but who could not prove misrepresentation upon which they relied to their detriment, the Markham holding remains unaffected in all respects.
In support of their claim that appellees are equitably estopped to collect further taxes against the class, appellants alleged in their complaint that, at all times since the 1980 interim taxes have been collected and paid, the tax collector's office represented to appellants that all of the 1980 ad valorem taxes had been fully paid. Thus, appellants contend that those taxpayers who purchased property or otherwise changed their position in reliance upon those representations have been damaged by their reliance. In addition, appellants note that all of the class members received a notice from the property appraiser's office in late August 1980 that stated in part:
By law, the total amount of taxes to be received by each taxing body cannot exceed the total that will be billed on the interim roll. Therefore, when the final roll has been prepared, each taxing body's millage will be reduced so that the aggregate amount of taxes remains the same.
Now, some five years later, they are advised they owe additional taxes for 1980 because the reassessment increased the aggregate by thirty million dollars.
Among the arguments against appellants' assertion of equitable estoppel, the appellees contend that it does not lie because of the provisions of section 197.0151, Florida Statutes (1985). Next, they argue that estoppel against the government in the performance of its governmental functions is not favored; that estoppel in such cases will only be countenanced under exceptional circumstances and, finally, that appellants could have exercised their rights under the public records law by review of the tax records and determined for themselves the tax liability against the properties involved in their transactions.
Without belaboring these arguments, we hold they are insufficient to bring about a dismissal of the complaint. Section 197.0151 is styled "Lien of Taxes" *1092 and a reading of the entire section, rather than a small excerpt, makes it clear that the statute does not absolve the county and its officers from conduct that might create an equitable estoppel argument against it. It simply is not applicable to the present argument, as held by the supreme court in City of Naples v. Conboy, 182 So.2d 412 (Fla. 1965). The argument that estoppel cannot be applied where it would operate to bring about an unlawful result is also meritless here. The mere fact that the constitution requires the taxing authority to levy and collect taxes does not preclude the authority from becoming estopped by its conduct. See Conboy, 182 So.2d at 417; Coppock v. Blount, 145 So.2d 279 (Fla. 3d DCA 1962). We, of course, acknowledge that estoppel against the government is not favored, but it is not totally condemned either. There are numerous Florida cases upholding the estoppel defense in such situations. See Conboy, 182 So.2d at 418; City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980); Coppock, 145 So.2d at 283. Finally, we would answer the public records law invitation to view the records themselves by quoting from Conboy, where the supreme court said:
Where the taxing authority is in full possession of all pertinent facts it is better to impose the burden upon it to exercise care than to create uncertainty as to the tax status of property for prior years.
182 So.2d at 418. The county was in the best position to know the interim tax roll was not final and, having undertaken to advise people of the status of their taxes, they must do it correctly. City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980).
In view of the foregoing, we hold that the complaint in question alleges a viable cause of action in equitable estoppel and that the defenses of res judicata and estoppel by judgment are not appropriate in this case. Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.