HERSEY, Chief Judge.
Appellants seek review of the lower court’s final judgment for peremptory writ of mandamus in favor of the School Board of Broward County. We reverse.
Mandamus is a remedy by which administrative officials or agencies may be coerced to perform ministerial duties which they have a clear legal duty to perform. Fair v. Davis, 283 So.2d 377 (Fla. 1st DCA 1973).
[M]andamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. If the issuance of the writ will not promote substantial justice or would lend aid to the effectuation of a probable injustice, the court may properly decline to grant the writ.
City of DeLand v. State ex rel. Watts, 423 So.2d 529, 531 (Fla. 5th DCA 1982). “[WJhere it appears that real and substantial interests of third parties not before the court are involved, mandamus will not lie, unless the claims appear unreal and imaginary.” Id. at 530.
In the case under review, third parties (members of the Hittel class, who are the plaintiffs in a class action suit which is still pending in the circuit court) are claiming an interest in the same funds which the appellee school board sought to recover in the mandamus action. They attempted to intervene in this litigation but were prevented from doing so by the trial court although intervention was allowed for the limited purpose of participating in this appeal.
In an earlier appeal of an order dismissing the class action suit, this court held that the complaint in that action stated a viable cause of action for equitable estop-pel. Hittel v. Rosenhagen, 492 So.2d 1086 (Fla. 4th DCA 1986). That being so, it follows in the present litigation that the Hittel class has alleged a “real and substantial interest” which could only be tested by a trial on the merits or on motion for summary judgment but in any event in a proceeding that permitted the class to participate as a party. The trial court, however, made a determination that the opinion in Hittel was simply wrong and that the alleged real and substantial interest could only be “unreal and imaginary in nature.”
Needless to say, the judge at the trial level is entitled to his or her own opinion as to the correctness of the holdings of this or any other court. Nevertheless, the trial court has no authority to refuse to follow such a holding where it is otherwise appli *1038 cable. Only a higher court or this court en banc may reverse or recede from a principle of law once enunciated.
Accordingly, we find that the lower court abused its discretion in granting a writ of mandamus which would result in appellee receiving a share of the disputed funds before the plaintiffs in the class action suit have had an opportunity to assert their rights to those funds. We emphasize, however, that our holding in Hittel was simply that the complaint was sufficient to withstand a motion to dismiss because “the complaint ... alleges a viable cause of action in equitable estoppel_” 492 So. 2d at 1092. Nothing that we said there and nothing that we say here is to be construed as relaxing the stringent requirements which must be met in order to impose equitable estoppel on a governmental body.
We do not, by this holding, determine whether or not the entitlement, if any, of either of the contesting parties could be satisfied by other statutory procedures and from different funds or funding methods because that issue has not been litigated in the lower court. The disposition which was made of the case made it unnecessary for the issue to be tried or seriously argued.
We also find that the lower court abused its discretion in failing to consolidate the present case with the Hittel class-action litigation. We agree with appellants that entitlement to the disputed funds would best be determined in a single lawsuit in which all parties who claim an interest in the funds are joined.
For the reasons we have previously indicated, we reverse and remand with instructions to permit the Hittel class to participate as a party to this litigation, by consolidation of the two pending actions, so that resolution of the common issues may be made after giving due consideration to the conflicting claims of all interested parties.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.