ON MOTION TO ENFORCE MANDATE
PER CURIAM.
In the first appeal of this case we held, inter alia, that “there is no showing that *888 the appellant’s claim is, or could be antagonistic to that of other members of the class,” and that “the appellant, as representative party, can adequately represent each member of the class” in an action to recover interest owed to 563 holders of certain bonds. Hessen v. Metropolitan Dade County, 513 So.2d 1330 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 876 (Fla.1988). On remand the trial court limited the class, as to the claim against Dade County, to “all former individuals, as opposed to institutional holders” of the bonds in question.
By this action to enforce our mandate, the appellant claims that the trial court’s class certification on remand alters our earlier determination. We agree. Our holding that the appellant could maintain the class action as a proper class representative included institutional as well as individual bondholders. That determination is the law of the case. Allen v. School Bd. of Broward County, 522 So.2d 1036 (Fla. 4th DCA 1988); Nichols v. Tarsches, 429 So.2d 409 (Fla. 3d DCA), rev. denied, 440 So.2d 353 (Fla.1983).
Reversed and remanded for consistent proceedings.