W. SHARP, Judge.
Prentice appeals from a final judgment of foreclosure in favor of Pigate, his former wife. He argues the trial court erred by reforming the mortgage and note to show they were executed by him in his capacity as trustee of his dissolved corporation which held title to the real estate, and by allowing Pigate to foreclose the mortgage held by her, pursuant to her counterclaim. He also argues the trial court should have granted his quiet title remedy against Pigate’s mortgage because he had subsequently received a discharge in bankruptcy from the indebtedness owed to Pi-gate, and the foreclosure will wipe out his homestead. Prentice and his present wife reside on the property in question and they did so when the mortgage was executed. The second wife did not join in the execution of the mortgage. We agree in part with the judgment appealed to us, but we find it necessary to reverse in part.
The parties were married in 1957 and divorced in South Carolina in 1981. Pursuant to the divorce decree, Prentice was ordered to pay Pigate more than $25,000: $10,000 was to compensate Pigate for money she loaned him; $15,000 was Pigate’s share of the proceeds from the sale of their home.
In 1985 Prentice was held in contempt and sentenced to six months in jail because he failed to pay these sums to Pigate. To purge himself of contempt, he paid Pigate $10,000 in cash, and gave her a mortgage on the real property located in Florida to secure the balance owed. Prentice had purchased this property in 1977, but had not told Pigate about it, nor had he listed it as one of his assets in the South Carolina divorce proceedings. The mortgage and note were executed in Prentice’s individual capacity.
The property was actually titled in the name of Performance Parts, Inc., a company of which Prentice was the sole stockholder. The company was dissolved after Prentice executed the mortgage to Pigate. Prentice and his present wife have occupied the property as their marital residence since their marriage in 1981.
*7 Prentice made the mortgage payments for approximately two years. Then he filed for bankruptcy in 1987. In the bankruptcy, he listed Pigate as an unsecured creditor. She made no appearance in the bankruptcy. Prentice received a discharge in bankruptcy in 1988.
In 1989, Prentice commenced this proceeding by filing a quiet title suit, seeking to remove Pigate’s mortgage as an invalid lien on the property. Pigate counterclaimed, seeking to reform the note and mortgage to show they were executed in Prentice’s capacity as trustee of his dissolved corporation, and seeking foreclosure of the mortgage.
We affirm the trial court’s denial of Prentice’s quiet title suit. In order to be entitled to such a remedy, Prentice must prove that he holds legal or equitable title in his individual, personal capacity. Atlantic Beach Improvement Corp. v. Hall, 143 Fla. 778, 197 So. 464 (1940). The parties stipulated that title to the property is still in the dissolved corporation. Section 607.-301(3), Florida Statutes (1989) provides that trustees of dissolved corporations continue to hold title to real estate as long as the corporate ownership continues. Since there has been no transfer or assignment out of the corporation to Prentice, he failed to establish requisite title to bring a quiet title suit in his individual capacity.
An additional ground to sustain the trial court’s denial of Prentice’s quiet title remedy is that, based on the facts found by the trial court, Prentice did not come into court with “clean hands.” Slay v. Department of Revenue, 317 So.2d 744 (Fla.1975); Henry v. Ecker, 415 So.2d 137 (Fla. 5th DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983). He knew the title to the property was in the corporation, but he proffered the individually-executed note and mortgage to the South Carolina court with the intent that it be accepted as a valid, binding legal instrument. Pigate and the South Carolina court accepted them as valid. Prentice thus achieved relief from the contempt proceeding by misrepresenting the status of the proffered security. Should another court now permit him to claim the mortgage is invalid, blissfully ignoring his earlier misrepresentations? Good conscience, and the proper application of equitable principles dictate a firm “no way.”
However, the same defect discussed above unavoidably prevents us from affirming the balance of the judgment appealed here. The titleholder of the property being foreclosed against has not been joined as a party and the party against whom the trial court sought to reform the mortgage and note is also not a party.[1] Joining Prentice in his capacity as the trustee of the dissolved corporation is an essential step before the balance of the remedies afforded Pigate can be considered.[2]
Accordingly, we affirm the trial court’s denial of Prentice’s quiet title suit, but we reverse the balance of the judgment granting reformation and foreclosure. We remand this cause to the trial court so that the title-holding, dissolved corporation can be made a party.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and DIAMANTIS, JJ., concur.

. Spear v. McDonald, 67 So.2d 630 (Fla.1953); Chamal Investments, Inc. v. Clement, 566 So.2d 838 (Fla. 5th DCA 1990); Bevis Construction Co. v. Grace, 115 So.2d 84 (Fla. 1st DCA 1959).

. We do, however, reject the claims that the mortgage was invalidated by Prentice’s individual bankruptcy, and that the failure of Prentice’s present wife to join in executing the mortgage invalidates it because of any claimed "homestead” rights. This is primarily (although not solely) because Prentice never owned the property in his individual capacity.