**In re Woodman H. MINER, Sr., Debtor.**

**Woodman H. MINER, Sr. & Doug E. Gilmore, Plaintiffs,**

v.

**BAY BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 93–02205.
Adv. No. 94–90041.**

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Nov. 30, 1994.

---

David L. Fleming, Gulf Breeze, FL, for plaintiffs.

Jack G. Williams, Panama City, FL, for defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court on the motion of the plaintiff, Woodman H. Miner, Sr. for rehearing with respect to this court's order dismissing the instant adversary proceeding for failure to state a claim upon which relief can be granted. For the reasons set forth herein, the Motion for Rehearing shall be denied.

In this proceeding, the plaintiff, Woodman H. Miner, Sr. ("Miner") as the debtor-in-possession has filed an action to seek to avoid as a fraudulent conveyance the foreclosure sale of real property located in Bay County, Florida which was owned by the Miner Corporation of Bay County, a corporation wholly owned by Miner. The facts pertinent to this motion are not in dispute. Miner filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 1993. Miner was the sole shareholder of the Miner Corporation of Bay County, the owner of certain real and personal property which was subject to a mortgage in favor of Miner. On August 10, 1988, Miner assigned the mortgage and underlying promissory notes to the defendant Bay Bank & Trust Company ("Bay") as security for a debt. On October 11, 1991, the Miner Corporation of Bay County was administratively dissolved by the Secretary of State of the State of Florida. Subsequently, Bay Bank & Trust Company as the assignee of the note and mortgage encumbering property filed a foreclosure action and obtained a final judgment in foreclosure on July 23, 1992. The foreclosure sale was held on September 3, 1992.

Miner initially filed his complaint on June 9, 1994 seeking to avoid the foreclosure sale alleging that he did not receive a reasonably equivalent value in exchange for the transfer. The original complaint was dismissed on August 3, 1994 based on the Supreme Court's decision in *B.F.P. v. Resolution Trust Corp.*, 511 U.S. ——, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), with leave to amend the complaint. An amended complaint was filed on August 26, 1994 in which Miner added an allegation that there was collusion between the defendant and another party with regard to the conduct of the foreclosure sale so that the sale was not conclusive as to the fair value of the property. The complaint also alleges that the judgment and sale had the effect of perfecting the assignment of the mortgage which had been held by Miner individually and therefore constituted a transfer of the debtor's interest in that mortgage.

Bay filed its motion to dismiss the amended complaint, with respect to the avoidance

of the foreclosure sale based on the fact that the property foreclosed on was owned not by the debtor but by the Miner Corporation of Bay County. With respect to the assignment of the note and mortgage the motion asserts that there was no transfer as defined under the Bankruptcy Code of the note and mortgage and therefore the complaint fails to state a cause of action with respect to the note and mortgage. I granted the defendant's motion to dismiss on both points and plaintiff filed the instant motion for rehearing.

■ Whether or not Miner can bring an action to avoid the foreclosure sale depends on whether he as the sole shareholder and director of the Miner Corporation of Bay County had, at the time of sale, an interest in the property sufficient to support his standing to bring the action. It is basic hornbook law that "corporate property is vested in the corporation itself, and not in the individual stockholders, who have neither legal nor equitable title in the corporate property". 8 Fla.Jur.2d, *Business Relationships,* Section 10, *Brown v. Florida S.R. Company,* 19 Fla. 472 (1882), *Blanchard v. Commonwealth Oil Company,* 294 F.2d 834 (5th Cir.1961).

The issue then is whether the dissolution of a corporation in Florida vests an interest in the shareholders sufficient to support standing to bring an avoidance action. I addressed the identical question in *Hall v. Quigley (In re Hall)*, 131 B.R. 213 (Bankr. N.D.Fla.1991) in which I held that under Florida Statute § 607.301 the directors of a corporation at the time of its dissolution became trustees of the corporate property with the shareholders being beneficiaries of that trust following, payment or discharge of the corporate debt's obligations or liabilities. Based on that equitable interest as the beneficiary of the statutory trust created under § 607.301, I held that the debtor had standing to bring an action to recover corporate property which had been transferred. However, § 607.301 was repealed effective July 1, 1990 and replaced by § 607.1405. This section provides in pertinent part,

(1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, ...

(2) Dissolution of a corporation does not:

(a) *transfer title to the corporation's property;* (emphasis supplied)

Under the new statutory scheme, it is clear that title to corporate property remains with the corporation and is not held in trust by the directors for the benefit of creditors and the shareholders. Therefore, the basis for my holding in *Hall, supra* is no longer applicable and the debtor as merely a shareholder and director of the dissolved corporation does not have an interest in the property of the corporation sufficient to support an action to avoid the transfer of that property.

Miner argues in seeking the rehearing that the change in the statute does not dictate a different result from *Hall* based on a Florida case under the former statute in which the court held that a stockholder of a dissolved corporation did not have sufficient title to property with which to bring a quiet title action in his individual name. *Prentice v. Pigate,* 588 So.2d 5 (Fla. 5th DCA 1991). Rather than supporting Miner's position that even under the new statutory scheme he has an equitable interest in the property of the dissolved corporation, that case would support the proposition that even under the former statute he would not have had an interest to support his standing and that I was wrong in finding such standing in *Hall.* Miner also argues that because he would be able to recover some equity in the property for the benefit of his own creditors, many of whom were creditors of the dissolved corporation, if he were able to avoid the transfer that I should merely disregard the corporate form to achieve "what is necessary to further the ends of justice". Thus, he asked me to ignore the law to accomplish what he sees as an equitable result. This I cannot and will not do.

■ With respect to the allegation regarding the assignment of mortgage being perfected by the foreclosure sale, the complaint likewise fails to assert a basis for avoidance. Even if the sale under the final judgment of foreclosure was the event which perfected the collateral assignment of the mortgage

and thus constituted a transfer of the debtor's interest in that mortgage, the making of the assignment in 1988 was a completely separate transaction from the foreclosure of the mortgage itself. Thus, allegations of collusion in the foreclosure sale of the property itself have no bearing on the validity of the collateral assignment of the mortgage itself. Miner has made no allegations whatsoever of any fraud in the assignment of the mortgage and thus the complaint with regard to the collateral assignment of the mortgage fails to state a claim upon which relief can be granted.

By his motion for rehearing, Miner also requests leave to further amend the complaint. The complaint having been amended once and still failing to state a claim upon which relief can be granted, this request will be denied. Accordingly, it is

HEREBY ORDERED AND ADJUDGED that the Plaintiff's Motion for Rehearing be and same is hereby denied and the complaint shall stand dismissed with prejudice.

DONE AND ORDERED.