861 So.2d 74 (2003)
U.S. PROJECT MANAGEMENT, INC., a Florida corporation, Appellant,
v.
PARC ROYALE EAST DEVELOPMENT, INC., a Florida corporation, Appellee.
No. 4D03-119.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
Rehearing Denied December 31, 2003.
*75 James D. Ryan and Lauren J. Schindler of Ryan & Ryan, Attorneys, P.A., North Palm Beach, for appellant.
Daniel H. Coultoff and Catherine J. Livingston of Gronek & Latham, LLP, Orlando, for appellee.
POLEN, J.
Parc Royale East Development, Inc., a condominium developer, retained U.S. Project Management, Inc., a real estate development consulting firm, under a Consulting Agreement in 1994 for its Ocean Royale condominium project in Juno Beach, Florida. One of the contract's provisions obligated Parc Royale to pay U.S. Project a monthly fee. Another provision required Parc Royale to pay an incentive fee based on a specified scale after all units had been sold, provided a profit was realized. U.S. Project allegedly provided its services from May 15, 1994 through July 14, 1997, at which time it was excused from its consulting duties under the contract because Parc Royale refused to pay U.S. Project its monthly fees for any of the services rendered in 1997. Parc Royale's alleged position was that no payments were due because the contract no longer existed.
In 1997, U.S. Project filed suit for breach of contract, specifically for failure to pay the monthly fee, seeking an award for all of its damages flowing from its expectation under the Consulting Agreement. The expectation under the Consulting Agreement was U.S. Project's monthly fee due and owing, plus a percentage of the future profits due under the incentive fee provision which would have become due after a reasonable time upon the sale of the last residential unit. At the time of this prior litigation, the condominium was not completed and the units had not all been sold. At trial in the prior litigation, the lower court found that
[U.S. Project] has not shown, by the greater weight of the evidence, that there was a breach of the contract nor causation of damages which meet the appropriate standard for recovering future profits where a contract has not been fully performed. The law requires *76 that damages for prospective profits be shown with reasonable certainty.
U.S. Project appealed this final judgment, and this Court affirmed without issuing an opinion on October 4, 2000. U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc., 773 So.2d 1163 (Fla. 4th DCA 2000).
U.S. Project concedes that it has not performed any work under the Consulting Agreement since before the filing of the prior litigation. Notwithstanding, U.S. Project claims that the incentive fee became presently due under the Consulting Agreement, since all units in the Ocean Royale development were sold and a profit was realized. Thereafter, U.S. Project filed suit for breach of contract on August 1, 2002, because Parc Royale refused to pay the incentive fee that was now currently due. The case was transferred to the same trial judge that presided over the prior litigation. The trial court granted a motion to dismiss stating:
this lawsuit is barred by res judicata, that there is no new conduct which would be the breach other than now we have the sales and now we think that the money should be paid. The issue was raised in the first suit, it was decided in favor of [Parc Royale] at that time, and there was nothing said here that convinces the court that it's in any way a separate and distinct cause of action. I think that the principles of res judicata preclude the lawsuit on its face. The matter of incentive payments was raised, was considered, and was determined.
Whether a complaint should be dismissed is a question of law. "To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true." Alevizos v. John D. and Catherine T. Mac-Arthur Found., 764 So.2d 8, 9 (Fla. 4th DCA 1999). The appropriate standard of review on appeal for a motion to dismiss is de novo. See K.W. Brown and Co. v. McCutchen, 819 So.2d 977 (Fla. 4th DCA 2002). Generally, defenses such as res judicata are not properly considered on a motion to dismiss. See, e.g., Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000)(citing United Servs. Auto. Ass'n v. Selz, 637 So.2d 320 (Fla. 4th DCA 1994)). There is, however, an exception to this general prohibition when the face of the complaint is itself sufficient to demonstrate the existence of the defense. See, e.g., Ramos v. Mast, 789 So.2d 1226, 1227 (Fla. 4th DCA 2001).
"In order for a final judgment to bar further litigation based upon principles of res judicata the judgment must reflect 1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action, and 4) identity of the quality in the person for or against whom the claim is made." Hittel v. Rosenhagen, 492 So.2d 1086, 1089 (Fla. 4th DCA 1986); Donahue v. Davis, 68 So.2d 163, 169 (Fla.1953). Thus if there is no common identity of the cause of action, the defense of res judicata will be unsuccessful. The general test when "deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." Hittel, 492 So.2d at 1090 (citing Albrecht v. State, 444 So.2d 8, 12 (Fla. 1984)).
Both parties concede that this action arises out of the same agreement, between the same parties, and in their same capacities under the agreement. However, U.S. Project contends there is no common identity of the cause of action. Though both actions involve breach of contract, U.S. Project is now suing based on a subsequent breach of the Consulting Agreement (failure to pay the incentive fee), and not the same breach from the *77 prior litigation (failure to pay the monthly consulting fees). Under the Consulting Agreement, Parc Royale's obligation to pay the incentive fee did not become due until after the project was completed, the condominium units were all sold, and a profit was realized. This did not occur until long after the prior litigation had commenced.
Consequently, we find no common identity of the cause of action because the evidence necessary to maintain the first suit for breach of contract is different from the evidence needed in the current suit. In the prior litigation, the key issue as to whether or not there was a breach was whether the monthly fees had been paid pursuant to the Consulting Agreement. Now, however, the key issue in determining breach is whether or not Parc Royale paid the incentive fee pursuant to the Consulting Agreement, due upon sale of the last unit. Though the action involves the same contract, and the evidence considerably overlaps, each claim requires additional evidence which the other does not. The fact that Parc Royale was not in breach of contract with regard to the monthly fee provision, should not necessarily preclude a finding that it subsequently breached the incentive fee provision. The final judgment merely states that although the existence of the contract was proved, neither "breach of contract nor causation of damages which meet the appropriate standard for recovering future profits where a contract has not been fully performed" was proved. Due to the vagueness of the final judgment, as a matter of law, this Court cannot say with certainty that the trial court intended the judgment to bar all claims for any possible subsequent breaches. To reach a contrary conclusion would seemingly be inconsistent with the findings in the final judgment. If a valid contract, which has yet to be fully performed, has been proved, then there must be performance to become due in the future. Following that logic, it is also possible to breach that contract by failing to perform that future bargained-for act. The defense of res judicata is inapplicable because the alleged new breach constitutes a new cause of action.
The enforceability of contracts is a bedrock principle of our society. When a contract has many provisions, an unsuccessful suit for breach of one provision should not act to bar all further suits for subsequent breaches of that contract. At the time of the prior litigation, the incentive fee had not become due. The existence of a contractual remedy allowing one to seek all expected benefits from a breached contract should not be determinative of the identity of the cause of action for res judicata purposes. Otherwise, a finding of no breach in a breach of contract action will essentially give the victorious party a "get out of jail free" card, enabling that party to subsequently breach without being subject to legal recourse. Alternatively, a party who is unwilling to seek all expected benefits under a contract because of the risk of forfeiture if ultimately unsuccessful at trial will only burden judicial resources when such matters can properly be handled in one consolidated action.
U.S. Project relies on an analogy to a mortgage foreclosure action and the two-dismissal rule. We are unpersuaded by its argument in this regard. We need not address U.S. Project's remaining issue. The order of the trial court granting Parc Royale's motion to dismiss is reversed and remanded for further proceedings without prejudice to any affirmative defenses.
REVERSED AND REMANDED.
STONE, J., and ROSENBERG, ROBERT A., Associate Judge, concur.