# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0970
Lower Tribunal No. 18-40672
_____

**Sam Gershenbaum,**
Appellant,

vs.

**Wind Condominium Association Inc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Gray R. Proctor Esq. (Morristown, NJ), for appellant.

Conroy Simberg and Hinda Klein (Hollywood), for appellee.

Before LOGUE, C.J., and MILLER, and GOODEN, JJ.

MILLER, J.

Appellant, Dr. Sam Gershenbaum, appeals from a final summary judgment rendered in favor of appellee, Wind Condominium Association, Inc. The trial court granted summary judgment on the theory appellant lacked standing to maintain a flood-related property damage claim for a loss sustained within condominium units owned by his single-member limited liability company.  We agree with this general principle and therefore affirm the summary judgment as it pertains to Count II of the operative complaint, which alleged a violation of the Florida Condominium Act.  See § 718.303(1)(a), Fla. Stat. (2023) ("Actions at law or in equity, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against . . . [t]he association."); § 718.103(32), Fla. Stat. ("'Unit owner' or 'owner of a unit' means a record owner of legal title to a condominium parcel."); see also Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp., LLC, 75 So. 3d 773, 776 (Fla. 4th DCA 2011) ("A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.").  Similarly, we impute no error in the conclusion that appellant was precluded from seeking reimbursement for damages to limited liability property.  See § 605.0110(1), Fla. Stat. (2023) ("All property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or other

2

method is limited liability company property."); <u>Brevard County v. Ramsey</u>, 658 So. 2d 1190, 1196 (Fla. 5th DCA 1995) ("It is basic hornbook law that 'corporate property is vested in the corporation itself, and not in the individual stockholders, who have neither legal nor equitable title in the corporate property.'") (quoting <u>In re Miner</u>, 177 B.R. 104, 106 (Bankr. N.D. Fla. 1994)); § 605.0110(4), Fla. Stat. ("A member of a limited liability company has no interest in any specific limited liability company property."). Because a careful review of the record, however, yields the conclusion that appellant attested he personally incurred damages, we are constrained to reverse the summary judgment as to Count I, negligence, and remand for further proceedings.

Affirmed in part; reversed in part; and remanded.